THE STATE v. DELCORE, Appellant.

Division Two, November 20, 1906.

1. **BURGLARY AND LARCENY:** Sufficiency of Evidence. Evidence held sufficient to justify the verdict finding defendant guilty of burglary and larceny.

2. **INSTRUCTIONS:** No Objection or Exception. Objections to instructions cannot be made for the first time in the motion for new trial, but the objections must be made and exceptions taken at the time the instructions are given, in order to have them reviewed in the appellate court.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   Defendant complains that the court did not fully instruct the jury on all the applicable points to the case.   But as he made no objections to such failure at the time and failed to except at the time, such alleged error has been waived.   And the point has also been waived by failing to assign the same as error in the motion for a new trial.   State v. Cantlin, 118 Mo. 111; State v. Albright, 144 Mo. 638; State v. Waters, 139 Mo. 539.   (2). The evidence was sufficient to justify the jury

in convicting the defendant of both burglary and larceny.  State v. James, 194 Mo. 277; State v. Warford, 106 Mo. 55; 1 Greenl. on Evidence, sec. 33; 1 Wigmore on Evidence, sec. 153; 4 Wigmore on Evidence, sec. 2513; 4 Elliott on Evidence, sec. 2712; Underhill on Crim. Evid., sec. 299.

BURGESS, P. J.—This is an appeal from a judgment of the circuit court of Lawrence county rendered on November 25, 1905, upon the verdict of a jury finding the defendant guilty of burglary and larceny, and fixing his punishment at five years in the penitentiary, under an information filed by the prosecuting attorney of said county charging him with said offenses.

The building alleged to have been burglarized belonged to a firm composed of R. L. Adams and Frank Adams, in which was kept by them a saloon.  The property alleged to have been stolen was $16.20 in money, one revolver of the value of fourteen dollars and a lot of whiskey of the value of fifteen dollars, belonging to said firm.  The date of the alleged offense was the — day of April, 1905.  At the November term, 1905, of said court, the defendant was tried and convicted of both burglary and larceny; his punishment for the burglary was fixed at three years in the penitentiary and his punishment for the larceny was fixed at two years in the penitentiary.

The State's evidence tended to prove that R. L. Adams and Frank Adams were engaged in the saloon business in the city of Aurora, in Lawrence county, which business was conducted in one of the rooms of the Aurora hotel and conducted under the name of R. L. Adams & Co.  This saloon faces west on McNatt avenue, and has a window on the north side.  On Saturday night, April 8, 1905, this saloon was closed at twelve o'clock, and the bartenders and proprietors left. They left ten dollars in the cash register in said saloon, also a pistol, worth fifteen dollars.  The window on the

north side was closed and the sash was fastened down with an ordinary window fastener. On Sunday morning, R. L. Adams and one of the bartenders went to the saloon and discovered that $6.30 had been taken from said cash register. The evidence further showed that a lot of whiskey was kept in pint, half-pint and quart bottles in a case behind the bar. The whiskey and pistol were not then missed, and the window was not discovered to be open till the next morning. On Monday morning early Mr. Adams discovered that a number of these bottles of whiskey, worth fifteen dollars, had been taken; and the pistol was also gone. The $3.70 that was in the cash drawer on Sunday had also disappeared. The window on the north side of the saloon had been raised, and was held up by means of a beer bottle that was under it. Some of the missing whiskey was "Autocrat," and each bottle had a correct label on it, and no other saloon in that city sold that brand. The proprietors and bartenders all testified that they did not sell defendant nor Frank Butler any "Autocrat" whiskey on either Saturday or Sunday. On Sunday morning, between eight and ten o'clock, defendant met Rube Paul, handed him a quart bottle and asked him to take a drink of whiskey. Paul took a drink, and defendant said he had some money; and, on being asked where he got the money, he said, "The money and whiskey all came from the same place." The night watchman saw defendant and Butler together at the depot in Aurora between eleven and twelve o'clock Saturday night; they disappeared from the depot a few minutes before twelve. He also saw defendant at said depot on Sunday night betweeen ten and eleven o'clock. Other witnesses testified to seeing defendant and Frank Butler sitting on the sidewalk in front of said saloon about 12 o'clock Saturday night, after said saloon had been closed. On Sunday morning, between five and six o'clock, defendant and Frank Butler were together near this saloon, when Sam Kennedy came by. They

invited Kennedy to drink with them, and showed him two quart bottles of whiskey. Upon Kennedy's refusal to drink, defendant said, "Come on, we have got lots of it." Defendant and Butler were seen together at the Frisco depot on Sunday morning at six o'clock, and each had a bottle of whiskey. About sun-up on Sunday morning, defendant was seen with a pint, or a half pint, bottle of whiskey; he and one Effie Nichols were together and drinking. Later on that day, defendant and Butler were seen together on the street, exhibiting money, although the day before Butler claimed to have been robbed of all he had. About nine o'clock Sunday morning, defendant told Mr. Tunnel that he had emptied three bottles of "Autocrat" whiskey, and wanted more, that he had plenty more whiskey, but that he could not get to it just then; he also exhibited between five and six dollars. A little after nine o'clock Sunday morning, defendant went to see Miss Lucy Henson, showed her a bottle of whiskey and $3.95, which he said he had just taken from a friend of his, who was drunk. He asked the girls at this house to count the money, and to tell his friend that he had taken it to keep for him, to prevent some one else from taking it. Frank Butler testified that he was drunk on this Saturday night, and that the defendant came to him, put a pistol in his (Butler's) pocket and told him that he (defendant) was going to plant some whiskey under a building near by; this was thirty or forty yards back of the saloon. After Butler was arrested, he told the officers where these bottles of whiskey had been planted, and the officers went to the place and found some of the stolen whiskey. A prisoner from the Lawrence county jail testified that defendant threatened to tell on Butler if Butler testified against defendant. The State's evidence further tended to show that defendant and Butler disappeared from Aurora on Sunday night, and defendant was arrested some days later in Joplin, and Butler was arrested in Monett.

The defendant's evidence tended to show an alibi.

Defendant is not represented in this court, but in his motion for new trial and in arrest various errors are assigned.

The information is in the usual form and properly verified.

One of the grounds of error assigned in the motion for a new trial is the action of the court in permitting Frank Butler to testify as a witness against defendant when he was at that time under indictment, charged as an accomplice with defendant. But this is evidently an oversight as the information shows that it is against the appellant only, and that Frank Butler's name is not mentioned in it.

Defendant also asserts in said motion that the court erred in giving instructions numbered 2, 3, and 4 and 11 on behalf of the State, but no objection was made to them at the time they were given and it could not be raised for the first time in said motion. It was long ago held that exception should be taken at the time the instructions complained of are given, and, if not so taken, the action of the court will not be reviewed upon appeal or writ of error. [Calvert v. City of Alexandria, 33 Mo. 149; Walsh & Betts v. Allen, 50 Mo. 181.]

At the close of all the evidence the defendant asked an instruction in the nature of a demurrer to the evidence which was refused and he saved an exception. This instruction was properly refused because there was an abundance of evidence to take the case to the jury. Circumstantial, it is true, but its weight was for their consideration.

The evidence showed defendant's guilt very conclusively, and the verdict in accordance therewith should not be disturbed.

The judgment is affirmed.

All concur.