## THE STATE v. WALTER S. REED, Appellant.

#### Division Two, November 14, 1911.

1. **CARNAL KNOWLEDGE: Assessment of Punishment by Jury.** The court does not err in giving an instruction, in a carnal knowledge case, authorizing the jury to assess the punishment.

2. **———: Pregnancy of Prosecutrix.** Testimony of a physician that he has made an examination of the prosecutrix and that she is in a pregnant condition, is competent in a carnal knowledge case.

3. **———: Promise of Marriage.** It is competent for the prosecutrix in a carnal knowledge case to testify that she submitted to defendant under a promise of marriage. Such testimony tends to show her condition of mind prior to and at the time of the offense; and, as the State must prove that she was of previously chaste character, what defendant did or said directly leading up to the act by which she lost that character is competent.

4. **———: Previous Chaste Character: Conflict in Testimony.** Where three boys testified that they had had sexual intercourse with the prosecutrix, between seventeen and eighteen years of age, prior to the time of the alleged offense, and detail the places and circumstances, and eight other witnesses, residents of the community, whose standing and character are unassailed, testify that her reputation for virtue and chastity prior to that time was bad; and seven other witnesses, also neighbors, testify either that her reputation was good or that they had never heard it called in question, and she herself testifies that prior to that time she had never had sexual intercourse with anyone, the testimony is in such conflict that the issue of her previously chaste character must be left to the jury to settle, although it is enough to raise a reasonable doubt in the mind of the appellate court as to that issue.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*George R. Clay* and *R. H. Davis* for appellant.

(1) In departing from the universal course of procedure, the Legislature evidently believed that justice would be best subserved by leaving the question of punishment to the judge, as the judge, by reason of his education and experience in the trial of such and kindred cases, would be supposed to be better qualified to assess the punishment than a jury, fresh from their farms, shops and business houses, and without experience in the weighing of testimony in the trial of such cases. (2) The fact that the prosecuting witness was pregnant did not tend in the slightest degree to prove that defendant was guilty of having sexual intercourse with her, and the testimony of Dr. Winchester and the prosecuting witness that she was pregnant was not relevant to any issue on trial, and no doubt influenced the jury in assessing the punishment of defendant.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

(1) The assessment of punishment by the jury does not vitiate the verdict if the court adopts it and assesses the punishment as it did in this case. Moreover, under the statute, where the jury finds a verdict of guilty and assesses a punishment not authorized by law, the court shall assess and declare the punishment and render judgment accordingly. State v. Hamey, 168 Mo. 197; Sec. 5254, R. S. 1909 (Sec. 2649, R. S. 1899); State v. King, 194 Mo. 474; State v. Mc-

Donough, 232 Mo. 219. (2) Appellant's ground 4, in his motion for a new trial, "Because the verdict of the jury was unsupported by the testimony," is without merit. The Supreme Court will not interfere with a verdict in a criminal case upon the ground that it is against the evidence, unless there is such a lack of evidence as to indicate that the jury acted from prejudice. State v. Lowe, 93 Mo. 547.

KENNISH, P. J.—At the January term, 1911, of the circuit court of Jasper county, the appellant was convicted of the offense of having carnal knowledge of an unmarried female of previously chaste character, between fourteen and eighteen years of age. His punishment was assessed at imprisonment in the penitentiary for a term of two years, and he appealed to this court.

At the trial in the circuit court the State introduced evidence tending to show the following facts:

The prosecuting witness, Gertrude Young, who lived with her parents in Rex City, Jasper county, Missouri, was between seventeen and eighteen years of age at the time of the alleged offense. The defendant was about twenty years of age, and he and prosecutrix had known each other all their lives. During the months of August and September, 1910, the defendant and prosecutrix were frequently together and he called at her home two or three times a week. On the evening of August 4, 1910, he accompanied her to the home of her sister and then back to the home of her parents. While returning from the home of the sister they sat down by the roadside and the defendant "insulted" her. She arose and started to go home, but the defendant begged her to remain and continued his solicitations. Upon his promise that he would marry her if she "got in a family way," she yielded and had sexual intercourse with him.

She testified that she had never had sexual intercourse prior to that time and had never been married.

The defendant did not testify in his own behalf. Three young men, ranging from seventeen to twenty-two years of age, testified as witnesses for the defendant. Each of the three testified to having had sexual intercourse with prosecutrix prior to August, 1910, and stated the place and circumstances of each sexual act. A large number of witnesses testified that they were acquainted with the reputation of prosecutrix for virtue and chastity in the community in which she resided prior to August, 1910, and that such reputation was bad. These witnesses consisted of both men and women, who lived in the immediate neighborhood of her home. A neighbor woman testified that one evening when prosecutrix and a young man walked by her home the young man had his arm around prosecutrix. A young man testified that prosecutrix once said to him: "Don't you think Oscar is cute? I would like to have him up in the barn loft." This incident occurred and this remark was made prior to the time of the alleged commission of the offense.

The State introduced several witnesses in rebuttal to prove the good reputation of the prosecutrix. Some of them testified that they knew her reputation for virtue and chastity prior to the time it became known she was pregnant and that it was good. A majority of them, however, did not state that they knew her reputation, but testified that they lived in the community in which she resided and had never heard her character questioned until it became known that she was pregnant.

I. Appellant complains that the court erred in giving instruction numbered 2, authorizing the jury to assess the punishment in case they should find the defendant guilty. This contention is based upon that

part of the carnal knowledge statute which provides that the punishment, between the limits prescribed, shall be assessed "in the discretion of the court."

The facts of this case, as to the point under review, are not materially different from the facts in the case of State v. Hamey, 168 Mo. 167. That case was decided by the Court in Banc, having been transferred there from this division because of a dissenting opinion. It involved both the constitutionality of the statute under consideration, and the action of the trial court in giving to the jury an instruction authorizing them to assess the punishment in case of a conviction. The court sustained the statute and held that the trial court did not err in giving the instruction complained of. That case is decisive against appellant's contention and no reason appears why the question should be now reopened.

II. Dr. Winchester was introduced as a witness for the State and, over defendant's objection, was permitted to testify that he made an examination of the prosecutrix and that she was in a pregnant condition. The action of the court in overruling the defendant's objection to this testimony is assigned as error. The ground of the objection is that the testimony "is not competent to prove that this defendant committed the act charged." In the case of State v. Palmberg, 199 Mo. 231, this court held it competent, in a prosecution under the carnal knowledge statute, for the prosecuting witness to testify that she became pregnant and gave birth to a child as the result of the intercourse with the defendant. If the prosecuting witness may thus testify to her pregnancy, it was not error for a physician, who had made an examination, to testify to the same fact.

In case of seduction under promise of marriage it is always competent for the State to prove pregnancy and the birth of a child as the result of the of-

fense, and pregnancy is no more an element of that crime than it is of the crime charged in this case. We think this testimony was competent and that the court did not err in overruling defendant's objection.

III.   It is assigned as error that the court permitted the prosecuting witness to testify, over defendant's objection, that the defendant persuaded her to submit to him under a promise of marriage. While the authorities are not in accord as to the competency of evidence as to a promise of marriage, under kindred statutes to that now before us, the prevailing rule seems to be in favor of its competency. Under statutes making seduction a criminal offense, even where a promise of marriage is not a requisite element, it is competent for the State to prove the promise. [35 Cyc. 1363, and cases cited; State v. Bennett, 110 N. W. (Iowa) 150.] The reason given in support of the admissibility of such testimony is that it tends to show the condition of mind of the female seduced, a fact always material under such a charge.

In this case it was incumbent on the State to prove that the prosecuting witness was a female of previously chaste character, and no good reason is perceived why what the defendant said or did, directly leading up to the act by which she lost such character, is not competent upon that issue. If the prosecutrix yielded because of a promise of marriage, as she testified, such promise is so immediately connected with the question of her previously chaste character and with the act of the defendant which the law denounces, that it becomes a part of the transaction and is essential to a proper understanding of the facts which constitute the offense. We hold that the testimony thus objected to was competent. But even if it had been incompetent, its admission in this case could not be held prejudicial error, for the reason that the defendant's objection thereto was made

after the witness had answered the question. In such case the proper course, in order to save the ruling of the court for review on appeal, is not to object to the question, but to move to strike out the answer and to save an exception in case of an adverse ruling. [State v. Lovell, 235 Mo. 343; State v. Bateman, 198 Mo. 212; State v. Sykes, 191 Mo. 62; State v. Foley, 144 Mo. 600.]

IV. One ground of the motion for a new trial is that the verdict is against the evidence, and this we consider the most serious question presented. The defendant introduced fourteen witnesses whose testimony tended to prove that the prosecutrix was not of previously chaste character. Four of these were young men who testified that they had sustained improper relations with her, three before and one after the date of the alleged crime. Eight men and women of the neighborhood testified that the reputation of the prosecutrix for virtue and chastity, prior to the date of the offense, was bad. There is nothing apparent in the record to cast discredit upon these witnesses except in the case of the four boys, and in their case only their admitted misconduct with the prosecuting witness. To offset this formidable showing by the defense, the State introduced seven witnesses who testified that the reputation of the prosecutrix was good or that they had not heard her character called in question. A number of these witnesses for the State testified that they knew the defendant's impeaching witnesses and that they were considered "good people."

The statute under which the defendant was convicted was intended to protect young girls of chaste character from becoming the victims of the seducer. It was not intended to protect those who were not of chaste character, nor to punish men who might be guilty of misconduct with females of the latter class.

In every case prosecuted under this statute, where the prosecutrix appears on the witness stand in a pregnant condition, as in this case, it is reasonably certain that some man, at some time, in his relations with her, has violated this law. But it will not do to presume that because of the accusation the accused is necessarily guilty or that any witness who testifies in his behalf is unworthy of belief.

There was before the jury conflicting testimony on the issue of chaste character, and although, as found from an examination of the record, without the advantage of having observed the witnesses on the stand, the testimony for the defendant seems at least sufficient to have raised a reasonable doubt, yet there was substantial evidence to warrant the finding of the jury, and it was their province to weigh the testimony and determine the facts.

In the case of State v. Hamey, supra, a case under the same statute, the sufficiency of the evidence was challenged, and this court, using language quite applicable to the case at bar, said:

"As to the sufficiency of the evidence to sustain the verdict of the jury, the testimony of the witnesses was heard by the jury. The jury had an opportunity of seeing them and observing their demeanor, on the stand, and it was their peculiar province to weigh their testimony and believe or disbelieve it. They believed the prosecutrix and did not believe the defendant's witnesses. The verdict has. been approved also by the judge of the criminal court who also had the advantage of seeing the witnesses and observing their manner."

It is a well settled rule of appellate procedure that where there is substantial evidence tending to prove the facts charged, this court will not disturb the verdict. [State v. Fields, 234 Mo. 615; State v. Sharp, 233 Mo. 269; State v. Cannon, 232 Mo. 215.]

An examination of the record has failed to disclose prejudicial error, and accordingly the judgment is affirmed. *Ferriss* and *Brown, JJ.*, concur.