## THE STATE v. ROSS FINLEY, Appellant.

Division Two, June 3, 1919.

1. **INSTRUCTION: Argumentative: Unwarranted Comment.** An instruction set out in the statement is *held* to be argumentative and an unwarranted comment on the evidence, and therefore properly refused.

2. ———: **Covered by Others.**  It is not error to refuse an instruction on the subject of reasonable doubt asked by defendant, where the subject has already been fully covered in other instructions given.

3. ———: **Reasonable Doubt: Each Juror: Unnecessary Reflection.** An instruction telling the jury that "before you can return a verdict of guilty you, each and all, must believe beyond a reasonable doubt that the evidence proves the guilt of defendant" and "if any one of your number believes that the defendant is not guilty, then it is your duty to stand by your own conviction and not be overpersuaded by the opinion of other members of the jury," contains no information not already known by the jury, and is an unnecessary reflection upon them, and its refusal is not error.

4. **SUFFICIENCY OF EVIDENCE: Attitude of Court.**  The appellate court is not permitted to review the case from the attitude of a juror, or from the viewpoint of one exercising the pardoning power; and while the evidence on a vital issue in the case may be conflicting and such as to give room for doubt, yet if as a matter of law it was sufficient, on that and other material issues, to support a verdict, the judgment cannot be disturbed on the ground of insufficient evidence to support a conviction.

Appeal from Scotland Circuit Court.—*Hon. N. M. Pettingill*, Judge.

AFFIRMED.

John A. *Whiteside* and *Claude C. Fogle* for appellant.

(1) In this character of a case where the prejudice of the average man will make it hard for him to give the defendant the benefit of the doubt it is important that defendant be allowed as strong instructions on this point as is contemplated by the law.  It is evident, in this case, that the jury did not give the defendant the benefit of the doubt.  (2) The testimony of the prosecutrix is uncorroborated.  The defendant denies the carnal knowledge and he is shown to have a good reputation for both virtue and chastity and truth and veracity.  We are aware that this court has held that

the testimony of the prosecutrix, in this character of a case, need not be corroborated to sustain a conviction. State v. Marcks, 140 Mo. 656; State v. Day, 188 Mo. 359. In one of these cases the court speaks of the fact that in such cases no one but the prosecutrix and the defendant know as to the truth of the charges; which, as a rule, is true. But in every such case, there are, as a rule, circumstances which will corroborate either one or the other, and in both of the cases above cited the prosecutrix is corroborated by the circumstances, in the case, and the court so holds. In this case every circumstance corroborates the defendant and contradicts the prosecutrix. (3) The previous chaste character of the prosecutrix should be proven, beyond a reasonable doubt, the same as any other fact in the case. In this case, the preponderance of the evidence is against the prosecutrix on this point.

*Frank W. McAllister* Attorney-General, and *C. P. Le Mire,* Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to sustain the verdict rendered. State v. Marcks, 140 Mo. 656; State v. Matthews, 202 Mo. 148; State v. Reed, 237 Mo. 231; State v. Salts, 263 Mo. 304; (2) Defendant's instruction 3, being sufficiently covered by instruction 3 given by the court, was properly refused. State v. Hicks, 178 Mo. 433. (3) The court did not err in refusing to give defendant's cautionary instruction numbered 5. State v. Chump, 16 Mo. 395; State v. Thurman, 121 Mo. App. 376. (4) The instructions given on behalf of the State and on behalf of the defendant properly declared the law and covered all the issues involved in this case. State v. Perrigin, 258 Mo. 233; State v. Salts, 263 Mo. 304; State v. Day, 188 Mo. 359.

WILLIAMS, P. J.—Upon an information charging him with the crime of having carnal knowledge of an

unmarried female of previous chaste character between the ages of fifteen and eighteen, defendant was tried in the Circuit Court of Scotland County, found guilty and sentenced to two years imprisonment in the Penitentiary. Defendant has duly perfected an appeal.

The evidence upon the part of the State may be summarized as follows:

The crime is alleged to have occurred on or about August 15, 1915. At that time the prosecutrix, seventeen years and five months of age, resided with her parents on a farm about five miles east of Memphis, Missouri, and the defendant, then seventeen years and nine months of age, resided with his parents on a farm in the same neighborhood. Defendant began calling upon prosecutrix in July, 1914, continuing so to do until about December of that year, at which time he temporarily ceased his attentions. He again began calling upon prosecutrix in April, 1915, and from that time until May 17, 1916, continued to call upon her at least once a week.

One moonlight night about the middle of August, 1915, defendant and prosecutrix in a single buggy were returning to their homes from Memphis, where they had gone to attend the Chautauqua. While they were on the road and in the buggy, defendant had sexual intercourse with the prosecutrix. Little or no resistance was made on the part of the prosecutrix. She testified that this was the first time that she had ever indulged in an act of sexual intercourse, but that after this time she and defendant frequently so indulged until about May 7, 1916, at which time defendant ceased calling upon her. The prosecutrix gave birth to a child January 15, 1917. Several witnesses testified that the reputation of the prosecutrix for chastity prior to the time this difficulty arose was good.

It further appears from the evidence that in October, 1916, the father of the prosecutrix, together with the prosecutrix, went to the home of defendant to see what defendant would do by way of righting the alleged wrong. When they arrived at defendant's home, prosecutrix remained at the defendant's house, while prosecutrix's father went out to the field where defendant was at work. Defendant's father was nearby and joined in the discussion. The father of prosecutrix accused defendant of having caused the pregnancy of his daughter. Defendant denied being guilty. The three walked up to defendant's home; there the defendant persuaded the father of prosecutrix to forego further discussion of the matter on that day, promising to go to the home of prosecutrix on the following day and discuss the situation. The father of prosecutrix, before leaving defendant, said to him, ''If you don't settle this by Saturday I will have to see that it is settled.''

On the next day defendant failed to keep his promise and left the State, and his whereabouts was unknown for several months. Some time in the Spring of 1917, it was learned that the defendant was in Idaho. Upon the request of the sheriff of Scotland County, Missouri, the defendant was arrested, and the sheriff of Scotland County went to Caldwell, Idaho, and brought the defendant back for trial.

The evidence upon the part of defendant may be summarized as follows:

The defendant testifying in his own behalf admitted that he had called upon prosecutrix frequently at the times mentioned, but denied that he had ever had sexual intercourse with her.

The sister of the defendant testified to conversations she had had with the prosecutrix, from which it might be inferred that prosecutrix had had sexual intercourse with a neighborhood boy, prior to the time of the alleged crime. It also appears in the evidence that this

neighborhood boy was in Iowa at the time of the trial.

The defendant in explaining his flight stated that when the father of the prosecutrix came to his home and accused him of being guilty in the matter and the defendant replied that he was not guilty, the father of prosecutrix told the defendant that if it were not settled by Saturday night, the defendant's blood would settle it. The defendant further testified that he was not ready to die and upon the advice of his father he left in order that he might keep out of the way of the father of prosecutrix. That when he was later arrested in Idaho, he offered to return without requisition papers.

The testimony of defendant as to the cause of his flight is corroborated by the testimony of his father and mother.

The defendant offered evidence tending to show that his reputation for virtue and chastity in that community was good.

The court refused to give defendant's instructions numbered three and five, which are as follows:

"3. The court instructs the jury that the said Edna Boozel complains of the act of the defendant committed in a buggy on the way from the Chautauqua to her home and described the acts of the commission of said intercourse. Now if the jury believe that her description of said acts is contrary to the known physical facts existing and pertaining to said acts, or to the accomplishment thereof, then you are instructed that you may disregard her entire testimony on said complaint and find the defendant not guilty.

"5. The court instructs the jury that before you can return a verdict of guilty you each and all must believe beyond a reasonable doubt that the evidence proves the guilt of the defendant. Now if anyone of your number, or more of your number, believes that the defendant is not guilty, then it is your duty to stand by your own conviction or belief and not to be

overpersuaded or overcome by the opinion or conviction of the other members of the jury.''

I.    The only points discussed by appellant in his brief as a ground for reversal is that the court erred **Instructions.** in refusing to give appellant's instructions numbered three and five. The instructions mentioned are set forth in the foregoing statement. We are unable to discover any error in the refusal of these instructions.

Instruction three was properly refused because it was argumentative and was an unwarranted comment upon the evidence.

Instruction five was properly refused because: (1) The question of reasonable doubt had already been fully covered in the instruction given; (2) The remaining portion of the instruction to the effect that "each juror" must believe beyond a reasonable doubt, etc., contained no information not already known by the jury. Similar instructions have by this court been described an "unnecessary reflection upon the jurors" and it has been held that the refusal of same was not error. [State v. Young, 105 Mo. 634, l. c. 640; State v. Garth, 164 Mo. 553, l. c. 565.]

II.    Pursuant to our statutory duty in the premises we have reviewed the entire record for error, but find no points, other than the above, which merit discussion.

We are not permitted to review the case from the viewpoint of a juror, nor from the viewpoint of one exercising the pardoning power. While the evidence on the vital issue as to the previous chaste character is conflicting and such as might give room for doubt, yet the evidence as a matter of law was sufficient to support the verdict, under numerous decisions of this court. [State v. Reed, 237 Mo. 224, l. c. 230-1.] It therefore follows that the judgment should be affirmed.

It is so ordered. All concur.