## Morrison, Jr. v. Commonwealth.

(Decided December 15, 1922.)

### Appeal from Logan Circuit Court.

1   Statutes—Subjects and Titles of Acts.—Section 1155, Carroll's edition Kentucky Statutes, is not violative of section 51 of the Constitution.

2.  Criminal Law—Affidavit for Continuance.—Unless the affidavit for a continuance on the ground of the absence of a witness sets out facts which if proven by the witness would be material to the defense of the appellant, it is not error for the trial court to overrule the motion.

3.  Rape—Mitigation.—Although the act of 1922 with reference to carnally knowing a female under the age of sixteen years mitigated the rigor of the law, the appellant was not entitled to the benefit of the act because at the time of the commission of the crime and the trial of appellant the act had not become effective.

4.  Criminal Law—Submission to Jury.—If there is any evidence tending to establish the guilt of defendant it is the duty of the trial court to submit the case to the jury.

COLEMAN TAYLOR and O. M. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Morrison was indicted in the Logan circuit court for the crime of carnally knowing a female under the age of sixteen years, under section 1155, Kentucky Statutes, and convicted of that charge and his punishment fixed at ten years' confinement in the state penitentiary. The crime is alleged to have been committed in July, 1921, and the trial was had in May, 1922. At the time the crime is charged to have been committed appellant Morrison was nineteen years of age and the prosecuting witness, Barbara Lewis, was between fifteen and seventeen years of age. She says she was between fifteen and sixteen, and other witnesses say she was between sixteen and seventeen years of age.

The defendant denied that he had carnal knowledge of Barbara Lewis, but admitted that he knew she was a girl of bad moral character and offered to prove by several witnesses individual instances of sexual intercourse, and did prove by one group of witnesses that she was a girl of bad moral reputation.

Appellant makes four contentions: (1) Section 1155 of Carroll's edition of Kentucky Statutes is unconstitutional; (2) the court erred in refusing him a continuance on his motion supported by affidavit; (3) the acts of the Kentucky legislature of 1922 with reference to this crime mitigates the rigor of the law in cases where the defendant is an infant and the prosecuting witness over sixteen years of age, and no instruction was given whereby appellant could have the benefit of the lower penalty; (4) the court erred in not sustaining appellant's motion for a directed verdict.

We will consider the contentions in the order set forth:

1. Section 1155, Kentucky Statutes, reads: "Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years." This act was passed in 1906 as an amendment to a then existing law upon the same subject. It is said by counsel for appellant that section 1155 is violative of section 51 of the Constitution of Kentucky, and is therefore inoperative and void. This contention is based upon the fact that the title to the act of 1906, under which this appellant was prosecuted, reads: "An act to amend section 1155 of Kentucky Statutes." Section 51 of the Constitution reads: "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length." Many times have we held acts of the General Assembly in conflict with this provision of our Constitution. But in considering this section of our Constitution in relation to section 1155 of the statutes, we have in the case of the Commonwealth of Kentucky v. McNutt, 133 Ky. 702, and also in the case of the City of Paducah Ex Parte, 125 Ky. 511, held the title of the act involved to be sufficient. There was but one Kentucky statute at the time of the amendment of section 1155 which we are now considering and the title, which reads: "An act to amend section 1155, Kentucky Statutes," was sufficiently definite, certain and explicit to enable any member of the General Assembly to know and understand the nature and purpose of the amendment offered thereto by merely reading the title. This

ground for a reversal of the judgment we conceive not well founded.

2.    We have often written that a motion for a continuance rests largely in the sound discretion of the trial judge. In the petition filed there are stated few, if any, facts which would have been competent as evidence upon the trial. Had the witnesses, whose names are set forth in the affidavit, appeared at the trial their evidence would not have been competent under the charge in the indictment if it had been as set forth in the affidavit, and we must rely upon that affidavit for our information as to what these witnesses would have stated. While the evidence is about evenly balanced between the Commonwealth and the defendant and there was sufficient testimony to sustain the verdict of the jury, yet we entertain very grave doubts as to whether this young man, under the facts shown in the record, should suffer a ten year servitude, or any penalty in the state prison.

3.    Unfortunately for appellant the act of 1922, upon which he sought to rely for mitigation of the rigor of the law, did not become effective until some time after his trial. Under this recent statute either the boy or the girl may be prosecuted for having intercourse with the other, and if the boy be under twenty-one and the girl under twenty-one but over sixteen, the jury may find him guilty of a misdemeanor and subject him or her to a fine of not exceeding $500.00.

4.    It is urged in appellant's brief that in order to sustain a conviction of the crime of having carnal knowledge of a female under sixteen years there must be evidence proven beyond a reasonable doubt that there was penetration, and this is correct, but it can hardly be applied to this case in view of the testimony which the prosecuting witness gave to the effect that appellant had carnal intercourse of her and as a result she had given birth to a child. While the court should have excluded the evidence concerning the child, no motion was made by appellant for that purpose and he is in no position now to complain of that. The evidence sufficiently proves that there was penetration, or proves facts from which the jury might reasonably infer that fact to exist.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.