RALPH HARDY DUVALL *v.* STATE OF MARYLAND.

*Statutory Rape—Evidence—Birth of Child—Reputation of Prosecutrix.*

On a prosecution for having carnal knowledge of a female under sixteen years of age, evidence that she gave birth to an illegitimate child at or about the expiration of the normal period of gestation measured from the time when the alleged act of carnal knowledge occurred, was admissible to corroborate evidence that the alleged sexual intercourse occurred.      p. 40

In such case evidence was not admissible as to the bad reputation of the female for chastity "prior to the controversy," as suggesting that the birth of the child might have resulted from her intercourse with some person other than defendant, and as so tending to rebut the inference arising from the child's birth.
                                                    pp. 41, 42

*Decided June 10th, 1926.*

Appeal from the Circuit Court for Montgomery County (PETER, J.).

Criminal proceeding against Ralph Hardy Duvall. From a judgment of conviction, the defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH. JJ.

*Albert M. Bouic* and *Morgan H. Beach,* for the appellant.

*Herbert Levy, Assistant Attorney General,* and *J. C. Cissel, State's Attorney for Montgomery County,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

The appellant in this case was charged in the Circuit Court for Montgomery County with having had carnal knowledge of "a certain female not his wife," who was then and there between the ages of fourteen and sixteen years, and upon that charge he was indicted, tried, convicted and sentenced by the court to be confined for one year in the Maryland House of Correction. From that judgment and sentence he has appealed.

The only questions raised by the appeal are: First, whether evidence showing that the victim of the crime gave birth to an illegitimate child at or about the expiration of the normal period of gestation measured from the time when the act of carnal knowledge charged in the indictment occurred, was admissible, and Second, whether the general reputation of the prosecuting witness for chastity was admissible to prove an objective fact, to wit, that such witness had had illicit relations with men other than appellant, which could have resulted in the birth of such child. These questions are the subject of the three exceptions found in the record.

The State went to trial on the first, third, fifth and seventh counts of the indictment. The first count charged that the appellant had carnal knowledge of a certain female not his wife between the ages of fourteen and sixteen years on November 20th, 1924; the third count charged a similar unlawful act on December 15th, 1924; the fifth count charged a like unlawful act on January 8th, 1925, and the seventh still another on January 17th, 1925. The female referred to in these counts was called as a witness by the State. Having sworn that she was fifteen years of age on November 15th, 1925, and that she had had sexual intercourse with the traverser in an automobile when he was twenty-two years old between November 1st, 1924, and December 1st, 1924, she was asked whether she had not given birth to an illegitimate child on August 1st, 1925, and was permitted to say over the traverser's objection that she had. Her father, called as a witness for the State, was also asked whether she had given birth to an illegitimate child on that date, and he too was permitted to say over objection that she had. These rulings are the subject of the first and second exceptions.

The general rule is that the birth of a child at the expiration of the normal period of gestation measured from the alleged act of sexual intercourse is admissible to corroborate evidence showing that the alleged intercourse actually occurred. *Wharton, Crim. Evid.* p. 521; *Underhill, Crim. Evid.* par. 413.

And the soundness of that rule can scarcely be denied, when it is considered, that in every such charge there are necessarily involved two elements, (1) that sexual intercourse did actually occur, and (2) that it was committed by the accused. And as the birth of a child is conclusive evidence that sexual intercourse actually did occur between the mother of the child and some male person, it may always be shown to corroborate other evidence tending to show such intercourse at a time when it could, according to the course of nature, have resulted in the birth of the child referred

to in the offer. The mere fact that it does not prove both elements does not prevent it from proving one. And as the birth of the child could have resulted from the alleged intercourse in November, in our opinion this evidence was properly admitted, and there was no error in the rulings involved in these exceptions.

In the course of the examination of Mrs. Annie L. Phelps, a witness offered by the defendant, she was asked whether she knew the reputation of the female, with whom the alleged act of intercourse had taken place, "in the community in which she live for chastity," and the record states that the defendant offered to prove that her reputation was bad "prior to the controversy." An objection to the question was sustained, but there was no ruling on the offer. The action of the court in sustaining that objection is the subject of the third exception. Both the question and the offer were obviously immaterial and irrelevant, and we concur entirely with the learned court below in its ruling. The fact that the child upon whom the crime was committed was unchaste was unfortunately not open to question, upon her own testimony that she had had sexual intercourse with the defendant on four occasions and had borne an illegitimate child. "Prior to the controversy" might mean prior to the prosecution, and it may well have been that her reputation for chastity was bad then and that it was bad because of the vicious and unnatural conduct of the defendant, but he cannot be permitted to exculpate himself by showing that fact, which may have been entirely due to his misconduct. He was charged with a statutory offense, and the element of consent was not involved; and while in cases of common law rape such evidence is admissible as reflecting upon the question of consent to the alleged intercourse, it is never admissible to prove or to disprove that the alleged act of intercourse occurred.

The apparent theory upon which the evidence was offered was that it tended to rebut the inference arising from the birth of the child, because it suggested a possibility that if

the child with whom the intercourse occurred bore a bad reputation for chastity "prior to the controversy," she may have had intercourse with persons other than the traverser, and that the birth of the child may have resulted therefrom. Which is to say, it was offered to prove an objective fact, to wit, that the child who was the mother of the illegitimate child had had intercourse with some man other than the traverser, which resulted in the birth of the illegitimate child on August 1st, 1925. No authority has been cited to support that proposition, and we know of none, but such authority as there is, is flatly to the contrary. *Wharton, Crim. Evid.,* par. 255; *Underhill, Crim. Evid.,* 531; *Martin v. Good,* 14 Md. 411; 48 L. R. A., N. S. 278, note; *Jones on Evid.,* par. 153.

The cases cited to show that the traverser should have been allowed to prove that the mother of the illegitimate child had been guilty of misconduct with men other than the traverser at or about the time when the act of intercouse charged in the indictment occurred, to rebut the possible inference drawn from the birth of the child in connection with other evidence in the case that the traverser was its father, are not in point at all, as no such offer was made in this case, and those cases are in no sense authority for the proposition that such fact when relevant may be shown by general reputation.

Finding no errors in the rulings involved in this appeal, the judgment appealed from will be affirmed.

*Judgment affirmed with costs..*