## Kayes v. Commonwealth.

(Decided October 21, 1927.)

Appeal from Mercer Circuit Court.

1.  Criminal Law.—Where no specific date is alleged in indictment for having carnal knowledge of girl under 18 years of age, in violation of Ky. Stat., section 1155, as amended by Acts 1922, c. 17, on which it is claimed the act complained of occurred, and commonwealth introduces evidence concerning numerous acts, and makes no

formal election as to which it will rely on for conviction, the law elects the act concerning which evidence is first introduced.

2. Criminal Law.—In prosecution under Ky. Stat., section 1155, as amended by Acts 1922, c. 17, for having carnal knowledge of girl under the age of 18 years but over 16, instruction failing to limit jury to any particular act of intercourse by defendant with prosecuting witness held erroneous.

3. Rape.—In prosecution under Ky. Stat., section 1155, as amended by Acts 1922, c. 17, for having carnal knowledge of girl under the age of 18, evidence that prosecuting witness was pregnant held competent as being evidence of intercourse.

4. Rape.—Where, in prosecution under Ky. Stat., section 1155, as amended by Acts 1922, c. 17, for having carnal kowledge of girl under the age of 18, evidence as to pregnancy of prosecutrix was admitted, it necessarily follows that defendant may meet it by showing that another than he was responsible for her condition.

5. Criminal Law.—An attorney for the commonwealth should not, during argument to jury, refer to evidence which has been excluded.

C. E. RANKIN and MARSHALL DUNCAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant was indicted and convicted for a violation of section 1155 of the Kentucky Statutes, as amended by chapter 17 of the Acts of 1922; his punishment being fixed at two years in the penitentiary.

The only errors relied upon by him for a reversal of the judgment are errors in the instructions and improper remarks by the attorney for the commonwealth in his closing argument to the jury.

The indictment charges that on the ———— day of ————, 1926, and before its finding, the appellant, then over 21 years of age, had carnal knowledge of one Annie May Clark with her consent; she at the time being under 18 years of age but over 16. The prosecuting witness, Annie May Clark, testified that the appellant first had sexual intercourse with her the latter part of February or the first part of March, 1926. In addition to the act of intercourse thus claimed, the prosecutrix further testified that she and appellant continued to have illicit relations until some time in June, 1926.

The court was not requested to admonish the jury that the testimony concerning these other occasions should be considered by them only for the purpose of corroborating the evidence of the main act, if the jury should regard it as corroborative, and for no other purpose, nor was the commonwealth required to elect as to which act it would rely upon for a conviction. Where no specific date is alleged in the indictment on which it is claimed the act complained of occurred, and the commonwealth introduces evidence concerning numerous acts and makes no formal election as to which it will rely upon for a conviction, the law elects the act concerning which evidence is first introduced. Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239; Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1096.

The court, in its instructions to the jury, gave an instruction which is almost identical with the instruction condemned by this court in the Earl case, supra. The instruction failed to limit the jury to any particular act of sexual intercourse by appellant with the prosecuting witness, and it is therefore prejudicially erroneous.

The commonwealth sought to prove that the prosecuting witness was pregnant, but this evidence was excluded. The evidence was competent, and should have been admitted. The trial court no doubt based its action on the rule announced in Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617. That was a seduction case, and the reason for the rule in such cases is readily apparent. One of the essential elements of the crime of seduction is that the act of intercourse was accomplished by reason of a promise of marriage by the accused. Evidence as to the pregnancy of the prosecutrix can throw no light on the issue as to whether or not she was seduced under a promise of marriage, and whether or not she became pregnant as a result of the act of seduction is wholly immaterial. In prosecutions under section 1155, however, the sole essential element of the offense is the act of intercourse, and, this being true, evidence of pregnancy of the prosecutrix is admissible, since pregnancy is evidence of intercourse. It shows that some one had held illicit relations with her at an unlawful age and that some one had committed the crime charged.

In Druin v. Commonwealth (Ky.) 124 S. W. 856, the accused was charged with carnally knowing a female under the age of 16 years, and evidence that the prosecutrix gave birth to a child some nine months after she testified that appellant had intercourse with her was held competent, being in corroboration of her statement that the accused did have carnal knowledge of her person. The Druin Case was approved in Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095. The only case we have found containing any statement indicating that such evidence was not admissible in prosecutions under section 1155 is Morrison v. Commonwealth, 197 Ky. 107, 246 S. W. 128. The judgment in the Morrison Case was affirmed, and what was said as to the admissibility of evidence was unnecessary for the decision of the case.

The rule that evidence of pregnancy is competent in prosecutions under rape and carnal knowledge statutes is universally recognized. Some of the cases from other jurisdictions, in which the rule was approved, are Commonwealth v. Duff, 245 Mass. 81, 139 N. E. 351; People v. Cassidy, 283 Ill. 398, 119 N. E. 279; State v. Johnson, 114 Minn. 493, 131 N. W. 629; State v. Reed, 237 Mo. 224, 140 S. W. 909; Duvall v. State, 151 Md. 38, 133 A. 833; Cosilito v. State, 197 Ind. 419, 151 N. E. 129.

Ordinarily, evidence of specific acts of unchastity with other men is incompetent in cases like the present, but, when evidence as to the pregnancy of the prosecutrix is admitted, it necessarily follows that the accused may meet it by showing that another than he was responsible for her condition. The complained of remarks by the attorney for the commonwealth in his closing argument to the jury consisted of repeated references to the condition of the prosecutrix, evidence as to which had been excluded. An attorney for the commonwealth should not refer to evidence that has been excluded, but, since we have concluded that the evidence in question was competent, it is unnecessary to further consider this assignment of error.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.