## COMMONWEALTH *vs.* OSCAR W. NELSON.

Worcester.    September 30, 1901. — November 25, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Evidence,* To contradict witness, Hearsay. *Practice, Criminal,* Exception.

A murder was committed at 2 A. M. and the wife of the murdered man was the only eye-witness. She was called as a witness and failed to identify the defendant as the man who struck the fatal blow. The defendant introduced evidence for the purpose of showing that a certain other person might have committed the murder and had a motive for doing so. This other person was produced in court by the government and the widow of the murdered man was asked whether he was the person referred to in portions of the testimony and said that he was. On cross-examination for the defendant she was asked "Is this the man whom you said was the only man you could think of who would commit the murder?" The question was excluded. *Held,* that the exclusion was right; if the words "you said" referred to something to which the witness had previously testified, the question was rightly excluded as assuming what was not true, as so far as appeared she had not so testified. If the question referred to something she had said at another time and was offered for the purpose of contradicting her previous statement, it was still rightly excluded, as her opinion, as to who would commit the crime or might have committed it, was immaterial, and she could not be contradicted in regard to an immaterial matter.

On the cross-examination of a witness for the government in a murder trial, the exclusion of a competent question is not a ground for sustaining an exception, if the question was answered in effect directly afterwards in answer to another

question on the same subject, and there is no reason to suppose that the substance of the answer of the witness to the excluded question would have been different from the answer to the question admitted.

In a trial for murder, it appeared, that after the murder and on the same morning the widow of the murdered man went with two police officers to a certain place. One of these officers was asked on cross-examination in behalf of the defendant what the widow said at that place in reference to the murder. The question was excluded. The other officer in answer to the question "Is that all of the conversation you had with her?" said "I asked her if her husband had any trouble with anybody, if she thought there was any man had any spite against him, and she answered — " Here, on objection from the government, the witness was stopped. *Held*, that the first question properly was excluded, as it did not appear, that if the widow said anything it would have been competent for the purpose of contradiction or for any other purpose, and that the second witness properly was prevented from answering further, as it did not appear, and there was no offer to show, what the answer would have been if the witness had been allowed to complete it; but assuming, that the object of the evidence was to show that some person other than the defendant had a spite against the murdered man and that it was competent to show that fact, the declarations of the widow were hearsay and inadmissible for that purpose.

MORTON, J. This is an indictment for the murder of one Gustaf A. Erickson on November 10, 1900, at Worcester. The jury returned a verdict of murder in the second degree, and the case is here on exceptions by the defendant to the refusal of the presiding judges to admit certain testimony offered by him, and to the admission of certain testimony which the government was allowed to introduce.

The murder occurred about two o'clock in the morning and the only eye-witness of it was Mrs. Erickson, the wife of the murdered man. The statements made by her on the morning of the murder varied in their description of the person of the murderer. She was called as a witness by the government, and testified that she could not identify the defendant as the person who struck the fatal blow. On cross-examination she was questioned by the defendant as to her knowledge of and acquaintance with one Oscar Johnson, for the purpose of showing, we assume, that Johnson might have committed the murder and had a motive for doing so. During the trial Johnson was produced by the government, and Mrs. Erickson was recalled and was asked if he was the man referred to in her examination and she said that he was. In the re-cross examination she was asked, "Is this (the) man whom you said was the only man you could think of who would commit the murder?" This question was excluded

and the defendant excepted. The exception is the first one that occurs in the bill of exceptions. The question is ambiguous. If the words " you said " are to be understood as referring to something to which the witness had previously testified, then so far as appears the question assumed what was not true, and was rightly excluded for that reason. If the question referred to something which she had said at some other time then the evidence was admissible, if admissible at all, only for the purpose of contradiction. But we do not think that it was admissible for that purpose. The witness failed to identify the defendant as the man who struck the fatal blow. Her opinion as to who would commit the crime or might have committed it, which was what the question sought in effect to introduce, was immaterial, and she could not be contradicted in regard to an immaterial matter. The form of the question excludes the idea that it related or could have been understood as relating to the impression which the witness formed at the time of the murder as to the identity of the murderer.

The next exception was to the exclusion of the question, " You told the Chief of Police, did n't you, that you thought that he (meaning Johnson) was the man? " It is enough, we think, to say that the question seems to us to have been answered in effect directly afterwards. The witness was asked, " Did you tell the Chief of Police when you were under arrest, that the man looked like Oscar Johnson? . . . A. No, I could n't tell him that was, but I told about a man I used to be thinking of. — Q. About what man? A. Oscar Johnson." The import of this was that while she could not say that Oscar Johnson was the man she thought of him as the man who committed or might have committed the murder and told the chief of police so. Assuming that the question that was excluded was competent there is no reason to suppose that the substance of her answer to it would have been any different from that which she was allowed to testify to.

The next exception, also in the cross-examination of the same witness, was to the exclusion of the question, " Did n't you say when you were under arrest, Mrs. Erickson, that having seen this murderer, as you put it, the only man you could think of who would commit the crime was Oscar Johnson? " This was

rightly excluded, we think, for reasons given in considering the first exception.   Moreover, we do not see why it was not substantially answered in the testimony to which we have just referred.

The next exception which was to the introduction by the government of testimony by the witness Heath has not been argued and we treat it as waived.   We see no error in the admission of the evidence.

The last two exceptions are to the exclusion of questions on cross-examination to the government witnesses, officers Thayer and Drohan.   On the morning of the murder the officers and Mrs. Erickson went to a place called Bennett Court.   The defendant asked Thayer what Mrs. Erickson said at the house in Bennett Court in reference to the murder.   The question was excluded.   There was no offer to show what she said.   It does not appear that if she said anything, it would have been competent for the purpose of contradiction or for any other purpose. As the case stands it is plain that the question was rightly excluded.   The witness Drohan, in answer to the question, " Is that all of the conversation that you had with her (Mrs. Erickson) ? " said, " I asked her if her husband had any trouble with anybody, if she thought there was any man had any spite against him, and she answered — " Upon objection he was prevented from answering further.   Here again it does not appear, and there was no offer to show what the answer would have been if the witness had been allowed to complete it.   But, assuming that the object was to show that Johnson or some other person had a spite against Erickson, and that it was competent to show that fact, the declarations of Mrs. Erickson were inadmissible for that purpose.   They were hearsay.   The fact that she had conversations with the officers or others about the murder did not render her conversations admissible, and there is nothing in the exceptions to show that what the defendant sought to put in were, as he argues, the rest of a conversation of which the government had been allowed to introduce a part.

*Exceptions overruled.*

*D. F. O' Connell & W. P. Hall*, for the defendant.

*R. Hoar*, District Attorney, *& G. S. Taft*, Assistant District Attorney, for the Commonwealth.