COMMONWEALTH *vs.* GEORGE DUFF.
SAME *vs.* SAME.

Middlesex.   November 23, 1922. — May 23, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Carnal Knowledge. Evidence,* Competency, Relevancy and materiality, To discredit witness. *Practice, Criminal,* Conduct of trial. *Witness,* Impeachment, Cross-examination.

At the trial of an indictment charging carnal abuse of a girl under sixteen years of age, it is proper to permit the girl, who was fifteen years of age at the time of the alleged crime, to testify that at a time about two and a half months after the last intercourse charged in the indictment, she was in "a family way," and "had a child taken from her" which was "two and one half months along."

After the admission of the evidence above described, it was error to exclude evidence offered by the defendant and tending to show that during the period of the offences alleged in the indictment and "from two to two and one half months" before the time of the miscarriage as to which the girl had testified, she had had intercourse with a man other than the defendant.

At the trial of the indictment above described, it was not error to exclude a question, asked of the mother of the girl on cross-examination, whether she had instituted criminal proceedings against the defendant.

After the admission of a birth certificate, at the trial of the indictment above described, showing the age of the girl alleged to have been assaulted to have been less than sixteen years at the times of the alleged crime, it is not error for the judge to exclude evidence tending to show that an older sister of the girl, who at the time of the assault was over sixteen years of age, was the first, instead of the second child of the parents as the mother had stated to the physician attending at the birth of the sister and as he had stated in her birth certificate, nor to exclude evidence tending to show that the girl alleged to have been assaulted appeared to have been two or three years older than the sister.

Where, at the trial of the indictment above described, the only evidence of the age of the girl alleged to have been assaulted was a birth certificate, it was *held* not to have been error harmful to the defendant for the judge to charge the jury that the best evidence of the girl's age was the testimony of her mother.

It was error, at the trial of the indictment above described, to permit a witness for the defendant, who had given testimony of statements of the girl's mother tending to show bias toward the defendant, to be asked in cross-examination whether the defendant's wife ever told the witness that she suspected the girl who was alleged to have been assaulted and the defendant of having improper relations.

Two INDICTMENTS, found and returned on May 2 and June 8, 1922, respectively, charging that the defendant on the dates stated in the opinion had assaulted Agnes Hall, under the age of sixteen years, with the intent of carnally knowing and abusing her, and that he had so carnally known and abused her.

In the Superior Court, the indictments were tried before *J. F. Brown*, J. Material evidence and exceptions saved by the defendant are described in the opinion. The defendant was found guilty; and he alleged exceptions.

*M. G. Rogers*, for the defendant.

*L. Saltonstall*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. These are two indictments charging the defendant with carnal abuse of Agnes Hall, alleged to be under sixteen years of age at the dates of the alleged offences, on February 15, March 15, April 15, May 15, June 15, July 15, August 15, September 15, in the year 1921. The cases were tried together and a verdict of guilty on each indictment was returned.

1. An examination of the girl in 1922 by a medical expert, indicated that sexual intercourse had been had with her. The Commonwealth, subject to the defendant's exception, asked Agnes Hall if she was in " a family way about December 1, 1921 " and " had a child taken from her." She answered in the affirmative and said that the child taken from her in December, 1921, was " two or two and one half months along." The Commonwealth had the right to prove by proper evidence that sexual intercourse had been had with the girl; and as showing that such intercourse

had taken place, the Commonwealth could show that in December, 1921, she was in a family way and had a child taken from her. This evidence tended to establish the fact that someone, prior to December, 1921, had carnally known her, and the evidence was admitted properly. *Commonwealth* v. *Bemis*, 242 Mass. 582.

2. The defendant, on cross-examination of Agnes Hall, offered to show that during the period of the offences alleged in the indictment, and " from two to two and one half months before December 1, 1921," she had sexual intercourse with a man other than the defendant. To the exclusion of this evidence the defendant excepted. This evidence was not admissible to show consent by Agnes Hall, *Commonwealth* v. *Murphy*, 165 Mass. 66; and ordinarily evidence of specific acts of unchastity with other men is incompetent in cases like the present. *Commonwealth* v. *Harris*, 131 Mass. 336, and cases cited. But in the case at bar evidence of pregnancy and miscarriage had been admitted as a fact of the government's case, against the objection and exception of the defendant; it was evidence of probative force against the defendant and tended to corroborate her testimony. As it was competent for this purpose, it was proper for the defendant to meet it by being permitted to show that another than he was responsible for her condition. This evidence was admissible and it was error to exclude it. *People* v. *Flaherty*, 79 Hun, 48; affirmed in 145 N. Y. 597. *State* v. *Bebb*, 125 Iowa, 494, 499. *People* v. *Craig*, 116 Mich. 388. *State* v. *Danforth*, 73 N. H. 215, 221.

3. There was no error in excluding the question asked of Mrs. Hall, the mother of Agnes Hall, on cross-examination by the defendant, whether she instituted criminal proceedings against the defendant. Even if the fact were as claimed by the defendant, the ruling was within the discretion of the presiding judge.

4. The birth certificate of Agnes Hall, which was admitted without exception, showed the date of her birth to have been October 6, 1905. Her mother testified that she had three children, that the youngest had died and that Mary Hall was the eldest of the three children. The defendant

offered the birth certificate of Mary, showing her birth to have occurred January 16, 1904, and that she was the second child of the father and mother of Agnes; and further offered to show by the attending physician at the birth of Mary, that the statements in Mary's birth certificate were given him by Mrs. Hall shortly after the birth of Mary. This evidence was excluded. Even if this certificate, which is not a domestic certificate, were admissible, see *Derinza's Case*, 229 Mass. 435, 442, 445, the fact that Mary Hall was the first and not the second child of the father and mother of Agnes Hall, was of no material importance. The birth certificate of Agnes showed that she was under sixteen years of age when the crime was alleged to have been committed. The fact that the mother stated to the attending physician that Mary was the second child when she was in fact the first child of the marriage, had no bearing on the defendant's guilt. The evidence offered by the defendant that Agnes appeared to be two or three years older than her sister Mary was properly excluded. The defendant could show by competent evidence that Agnes Hall was more than sixteen years of age at the time of the offence; but the fact that Agnes appeared to be older than Mary had no tendency to prove that Agnes was, at the time of the offence, more than sixteen years of age. There was no error in this ruling.

5. The judge in his charge to the jury said that the best evidence of the age of Agnes was the testimony of Mrs. Hall. According to the record the only evidence showing the age of Agnes was the birth certificate. If in addition to this, the mother also testified to the age of her daughter, there was no error harmful to the defendant in this instruction.

6. The record shows that a witness, Mrs. Flanders, was called by the defendant to show bias on the part of Mrs. Hall, the mother of Agnes. Mrs. Flanders was asked in direct examination what was said by Mrs. Hall in reference to a card which had been posted on her (Mrs. Hall's) house. Mrs. Flanders replied that Mrs. Hall said that the Duffs (the defendant and his wife) did the posting disgracing her daughter, and that she (Mrs. Hall) " would make the posting cost the Duffs every cent they had." Mrs. Flanders was

asked on cross-examination, against the defendant's excep-
tion, " Did Mrs. Duff ever tell you that she suspected Agnes
Hall and her husband of having improper relations? "    The
witness answered " Yes."    This evidence was not admissible.
The admission of Mrs. Duff that she suspected her husband,
the defendant, of having improper relations with Agnes Hall
was harmful to the defendant, and it was error to permit
it.    Mrs. Duff could not prejudice the defendant's case by
such statement of her suspicions; she was not a witness; the
evidence could not be used on the ground that it tended to
contradict her, even if admissible for this purpose; and Mrs.
Flanders could not testify to what Mrs. Duff had said.    It
in no way tended to show that Mrs. Hall was biased or had
any ill will against the defendant.    Mrs. Hall was not shown
to have been in any way connected with the answer of Mrs.
Duff.    It was a statement of the defendant's wife in his
absence.    See *Commonwealth* v. *Nelson,* 180 Mass. 83;
*Commonwealth* v. *Mooney,* 110 Mass. 99.

The exceptions must be sustained.

*So ordered.*