## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### June 19, 1923.

## THE PEOPLE v. WARREN KENT PALMER.

(205 App. Div. 810.)

(1) RAPE, SECOND DEGREE—CONFLICTING EVIDENCE—ERROR TO ADMIT EVIDENCE THAT CHILD WAS BORN TO PROSECUTING WITNESS ONE YEAR AFTER ALLEGED CRIME WAS COMMITTED.

On a prosecution for rape in the second degree, in which the defendant interposed the defense of alibi and that the prosecuting witness was intimate with other men, and wherein the evidence of the commission of the crime is conflicting, it is prejudicial error to admit evidence that the prosecuting witness gave birth to a child one year after the commission of the alleged crime.

(2) SAME—SUCH EVIDENCE IS NOT SUPPORTING WITHIN PENAL LAW, § 3013.

Such evidence does not constitute supporting evidence within the meaning of section 2013 of the Penal Law.

APPEAL by the defendant, Warren Kent Palmer, from a judgment of the County Court of the county of Chenango, rendered against him on the 15th day of July, 1922, convicting him of the crime of rape in the second degree.

*David F. Lee*, for the appellant.

*Ward N. Truesdell, District Attorney*, for the respondent.

HASBROUCK, J.:

This is an appeal from a judgment of conviction of the crime of rape in the second degree had in the County Court of Chenango county against the defendant.

The facts having evidence tending to support them are that the defendant during the school year of 1919-20 was employed as a teacher of a district school in the town of Lincklaen in said county.

In the winter of that year defendant boarded with the parents of the prosecutrix, Margaret Potter. She was then fourteen years of age and was a pupil in the school where defendant taught. One day in November after school he conferred about a Christmas entertainment with one Florence Knight and Margaret. The Knight girl left the conference first and when Margaret gathered up her books and dinner pail to go home, defendant put his arms around her and kissed her. Afterwards he took her to church nearly every Sunday night with his horse and wagon and *en route* would put his arms around her and kiss her. He said he was going to marry her. In November, 1920, he became engaged to her and told Margaret's parents they were engaged. Two or three weeks after the engagement while remaining at the house helping her with her lessons, he stayed until two o'clock in the morning and persuaded her to submit to his desire. After that defendant went to see Margaret every other week and had sexual intercourse with her on every occasion and said relations continued until May 22, 1921. She swears that on February 14, 1921, he had intercourse with her in her bed at her father's home and that they were discovered in bed together by her father. She further swears, over objection and exception of the defendant, that on February 19, 1922, she bore a child; that she never kept company with any other men. There was a conference at a lawyer's office in Syracuse a few days before December 22, 1921, relative to Margaret's condition and the defendant in the presence of a Mr. Lenox and a Mr. Woods said, after

having had a talk alone with Margaret, " I am going to marry her;" and being told by her aunt that Margaret's father saw them in bed did not deny the meretricious relations. The defendant among other things claims to have shown by the evidence that the prosecutrix admitted on cross-examination having been in the company of several young men and among others Albert Merchant, whom she married on December 23, 1922. The defendant denied he ever had sexual intercourse with Margaret; denied ever having stated he would marry her, except to the district attorney. He swears he was not at the home of the prosecutrix on February 14, 1921. He swore also several substantial citizens as to his good character.

It is claimed by the appellant that the court erred in admitting over proper objection and exception the testimony of the prosecutrix that she gave birth to a child on February 19, 1922. The crime was charged in the indictment to have been committed on February 14, 1921. The question is whether on that crime the birth of a child some three months subsequent to the lapse of the period of gestation constitutes any supporting evidence such as section 2013 of the Penal Law requires. The subject is one which has been much discussed in the courts. Opposing counsel cite authorities in support of their respective contentions. The respondent relies confidently upon People v. Flaherty (79 Hun, 48; affd. 145 N. Y. 597) and People v. Thompson (212 id. 249). In the Flaherty Case (27 App. Div. 535, 546), as pointed out by Judge Crane in People v. Taleisnik (225 N. Y. 494), the court charged the jury that " the fact that the child was born is no evidence corroborating the claim of the People that this defendant is the guilty man," and said of such charge, " this was held to be correct." In the Thompson Case the Appellate Division reversed a judgment of conviction for rape because the trial court erred in admitting testimony as to subsequent offenses by the defendant upon the person of the female involved. (161 App. Div. 948.) . The Court of Appeals disapproved this ruling, hold-

ing "the doctrine * * * now well * * * established
that in prosecutions for adultery, seduction, [and] statutory
rape upon one under the age of consent, * * * acts of
sexual intercourse between the parties prior to the offense
charged * * * may be given in evidence," and again,
"subsequent offenses of like character between the parties
may be relevant, because the extreme intimacy and the amorous
inclination and willingness evidenced by its commission are a
growth preceding the offense and are rather nourished than
annihilated by their exercise. They do not suddenly arise and
are not likely to suddenly disappear." The admission of such
testimony constitutes, as pointed out in the Thompson Case,
an exception to the general rule that proof may not be received
that an accused has committed a crime other than that charged
against him. In the Thompson Case the prosecutrix was per-
mitted to swear to sexual intercourse subsequent to the inter-
course charged as rape. It is unfortunate that the Court of
Appeals did not consider in its opinion in that case People v.
Kearney (110 N. Y. 188). We are left to infer from such
fact that the same rule of evidence was not involved in the
Thompson Case as determined the Kearney Case. It is upon
this case that the appellant relies, for it squarely holds that
evidence of the birth of a child thirteen months after the
seduction charged by the prosecutrix does not support her
evidence of such seduction. Judge Peckham says: "It does
not advance us a step in the way of proving that the intercourse
did commence in July. * * * Is it any, even the slightest
proof, that it did then commence, by proving the birth of a
child thirteen months thereafter?" "It neither shows or tends
to show that she had any intercourse with the defendant at
the time she swears she was seduced, nor does it show or tend
to show that she had such intercourse with any one at or about
that time." (See also, People v. Whitson, 195 App. Div. 910,
Cochrane, J., dissenting; revd. on his opinion, 234 N. Y. 517.)

The case of People v. Taleisnik, we think, follows though
32

it does not mention the Kearney Case in holding that the corroboration required is that which tends to identify or connect the defendant with the crime.

There may be enough corroborating testimony in the case to warrant the conviction of the defendant. But the fact of the birth of a child and the presence of the child in court may have been the source of exciting emotions of sympathy for the prosecutrix and her progeny to such a degree as to upset that serenity of mind which a jury should maintain to do equal and exact justice. Persuaded by the legal authorities cited that the evidence objected to was improperly admitted, we are unable to say that it did not unduly prejudice the defendant in securing from the jury a fair and impartial trial.

The judgment of conviction should be reversed and a new trial granted.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur.

Judgment of conviction reversed and new trial ordered.