LIPSMEYER v. STATE.

Opinion delivered November 17, 1924.

1. RAPE AND CARNAL ABUSE—EVIDENCE OF CRIMINAL INTIMACY.—In a prosecution under Crawford & Moses' Dig., § 2720, for carnally knowing a female under the age of 16 years, it was not error to exclude an alleged letter of the prosecutrix tending to show her criminal intimacy with another person than defendant.

2. WITNESSES—CROSS-EXAMINATION AS TO COLLATERAL MATTER.—In a prosecution for carnal knowledge of a female under 16 years of age, it was competent, for the purpose of discrediting her, to ask the prosecutrix on cross-examination whether she had written certain letters showing criminal intimacy with another than defendant, and whether she had had such intimacy, but her answers could not be contradicted.

Appeal from Perry Circuit Court; *John W. Wade,* Judge; affirmed.

*J. H. Bowen, G. B. Colvin,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Appellant prosecutes this appeal to reverse a judgment of conviction against him for the crime of carnal abuse.

It is conceded that the evidence is sufficient to support a verdict of guilty, and the only ground relied upon for a reversal of the judgment is that the court erred in refusing to allow to be read to the jury certain letters claimed to have been written by the prosecuting witness to a man other than the defendant.

The letters in question were exhibited to the prosecuting witness on her cross-examination, and she denied having written them, or that they were in her handwriting. She was asked to sign her name and transcribe certain portions of the letters, and did so. The defendant then offered to introduce the letters in evidence, and excepted to the ruling of the court that they were not competent. The letters tended to show that the prosecuting witness had been criminally intimate with a man other than the defendant.

The gist of the offense of which the defendant was convicted was that he carnally knew a female person under the age of sixteen years, in violation of the provisions of § 2720 of Crawford & Moses' Digest. The question therefore of whether another man had been guilty of carnally knowing the prosecuting witness was collateral to the issue of whether or not the defendant was guilty of carnally knowing her.

It was competent to ask her, on cross-examination, whether or not she had written the letters, and also to ask the witness herself if she had not been criminally intimate with another man, for the purpose of discrediting her as a witness; but her answer in the negative should have been the end of the matter. The general rule is that, when a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted. *Howell* v. *State,* 141 Ark. 487; *Rowe* v. *State,* 155 Ark. 419.

It is next contended that the court erred in not admitting certain letters claimed to have been written by the prosecuting witness to Conway Lively, and the cases of *McDonald* v. *State,* 155 Ark. 142; and *Rowe* v. *State,* 155 Ark. 419, are relied upon.

In these cases it was held that a prosecution for carnal abuse of a girl under the age of consent, in which the prosecutrix exhibited to the jury a child to which she claimed to have given birth as the result of intercourse with the defendant, and was allowed to testify as to the particular occasion and time of the intercourse with the defendant when conception took place, exclusion of testimony that, about the same time, she was associating with others in a manner warranting a conclusion that they had opportunities for and may have had intercourse with her, was reversible error.

We do not think, however, that the excluded letters brought the case before us within the limits of the rule. It is true that the prosecuting witness testified that she only had intercourse with the defendant one time,

and that was on the 24th of July, 1921, and that she never had intercourse with any other man.

It is also true that the child was born on April 24, 1922, just nine months thereafter, and that the prosecuting witness was allowed to exhibit the child to the jury. The excluded letters, however, were dated in February, 1922, and, while they contained lascivious expressions upon the part of the writer, they do not refer to any act of intercourse at a time near that at which the child was conceived. Therefore the letters were not admissible as independent evidence to contradict the testimony of the prosecuting witness.

It follows that the judgment must be affirmed.