STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLYDE WARD, PLAINTIFF IN ERROR.

Submitted January 16, 1925—Decided April 16, 1925.

1. In a prosecution for statutory carnal abuse, where the state tenders the issue that a child was born as the result of the intercourse charged against the defendant, he is entitled to meet that issue by evidence of intercourse with other men at a time when such child might have been conceived.
2. When the defendant in a criminal prosecution is asked, on cross-examination, a question on an irrelevant issue, which question was of doubtful legality, and he was permitted to answer the question, the state cannot offer testimony in rebuttal on such issue.

---

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Andrew Van Blarcom.*

For the state, *James H. Bolitho,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted upon an indictment charging him with assault and battery and carnal abuse upon Mary R., a woman child under the age of sixteen, between the 1st day of June and the 31st day of July, 1923. It turned out that Mary was not the name of the girl, and the indictment was amended to read Elizabeth. At the trial the evidence for the state tended to show that the alleged assault had taken place on some day in July, but, apparently, the exact date was not fixed. The girl became pregnant and was delivered of a child on the 30th of April, 1924, apparently in the normal course of nature.

There were two errors in the rulings on evidence which, in our view, were manifestly harmful to the defendant, and require a reversal of this judgment. In the first place, in view of the proof that the complaining witness had been delivered of a child on April 30th, and claim that this child was the result of the intercourse that she said the defendant had had with her in the July preceding, the defendant undertook to show by evidence, otherwise competent, that other boys and young men had taken improper liberties with the complaining witness at or about the time when the child must have been begotten, but this was, apparently, ruled out by the court, whose language was: "Suppose I put in the record this—that I rule and shall rule that evidence of any intercourse by this girl with any other person will be overruled." Defendant's counsel prayed an exception to this ruling, which was duly entered and sealed, assigned for error, and has been argued before us.

The rule laid down in *State* v. *Rubertone,* 89 *N. J. L.* 285, a case in the Court of Errors and Appeals, is that: "In a prosecution for statutory carnal abuse, evidence of specific acts of sexual intercourse by the female with other men is incompetent unless the state tenders the issue that a child was born of an act of intercourse charged against the defendant, in which case defendant is entitled to meet that issue by evidence of intercourse with other men at a time when such

child might have been conceived." The exclusion of all evidence of intercourse with any other man at any time was erroneous as in violation of this rule. It may be as well to say that the defense undertook to show acts of familiarity at or about that time, but was shut off by the general ruling just quoted.

The other error relates to the state's rebuttal of matters drawn out by cross-examination of the defendant. The defendant, on cross-examination, admitted that he had taken another girl out canoe riding with him, that he knew a girl named C. B., and was asked whether in the spring of 1920 he had C. B. riding in his automobile on a specified road, and answered that he did not. During the course of this cross-examination the prosecutor made several attempts to make the witness answer questions tending to show that he had taken, or attempted, improper liberties with other girls, but these were excluded by the court, and properly so. On rebuttal the state called the girl C. B., who testified that she knew the defendant, and was then asked: "*Q.* Were you in his automobile with him on the road leading from Hanover to Whippany in the spring of 1920?" Objected to on several grounds, one of which was that it was immaterial. The court allowed the question and the witness answered that she was. The court seems to have allowed it on the theory that it was an impeachment of the witness's credibility, but we think was in error on that point. In *State* v. *Mor,* 85 *N. J. L.* 558, a somewhat similar situation was presented on the cross-examination, and we held that an attempt at rebuttal of the questions brought out on such an irrelevant issue was harmful, and the judgment was reversed.

In *State* v. *Sprague,* 64 *N. J. L.* 419, 425, the defendant was asked, on cross-examination, and answered in the negative, with respect to having met other women at other times at the same place, and we said: "This was evidence that could not have been presented by him upon his direct examination. It is doubtful if it was legal upon cross-examination, but conceding it to be so, he answered the questions, and the

rule of evidence is that such facts being irrelevant and im-material his answers must be conclusively accepted.    He, like any other witness, is entitled to have his cross-examination limited to the subjects originally opened by his examination-in-chief."

These considerations lead to a reversal of the judgment.