THOMAS *v.* STATE.

Opinion delivered November 19, 1928.

*Cochran & Arnett,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Logan County, Northern District, for carnally knowing Lucy Wooten, who was under sixteen years of age at the time of the alleged offense, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which is this appeal.

The only error assigned by appellant for a reversal of the judgment was the exclusion by the court of testimony offered by him tending to show that the pregnancy of the prosecuting witness was the result of sexual intercourse with either Ted Kennedy or Everett Miller. The rule with reference to the admission of this character of evidence was restated in the case of *Rowe* v. *State,* 155 Ark. 142, 244 S. W. 463, as follows:

"The chastity of the prosecutrix is not in issue in prosecutions under the carnal abuse statute; and, while

the prosecutrix may be asked, on her cross-examination, about other illicit intercourse, this is only for the purpose of impeaching her as a witness—a circumstance to be considered by the jury in passing upon the credibility of the witness. But, as the matter is collateral to the main issue, her answers, whether true or false, conclude the inquiry. So also the defense may not show acts of sexual intercourse between the prosecuting witness and other persons, as the 'et tu' defense does not obtain, as was said in the case of *Plunkett* v. *State*, 72 Ark. 409, 82 S. W. 845. If, however, the State elects to attempt to corroborate the prosecuting witness by showing that a child was begotten by the illicit intercourse charged in the indictment, then defendant may show acts of sexual intercourse with other persons about the time conception took place for the purpose of rebutting this testimony. The State made that effort here, and the defendant should therefore have been allowed to rebut the testimony by showing that some other person was the father of the child.''

The Attorney General frankly admits that, under the rule quoted, if the State had elicited any testimony whatever from the State witnesses as to the paternity of the unborn child tending to show that appellant was the author of her condition, then the testimony should have been admitted. After the prosecuting witness had denied, on cross-examination, illicit relationships with Ted Kennedy, Everett Miller or any other person at any time or place, the court asked her if she was pregnant, and she said that she was. According to her testimony, she had conceived the child in November or December, and she testified the following August, so her condition must have been apparent to the jury. The necessary inference from her testimony and her appearance was that appellant was the father of her unborn child. The production of this testimony by the State brought the case within the rule announced, and the court therefore committed reversible error in excluding the testimony offered, which

tended to show illicit relations with other men about the time the conception took place.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.