THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES OATHOUT, Appellant.

Judgment of conviction reversed and a new trial granted, upon the ground of improper rulings. Evidence as to the relations between the complaining witness and men other than the defendant was admissible. The mother should not have been permitted to give the details of the alleged crime as stated to her by the complaining witness. Book entries in support of defendant's alibi were improperly excluded. Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with a memorandum.

HEFFERNAN, J. (dissenting). I am unable to accept the view of my associates that there should be a new trial in this case. Defendant stands convicted of one of the most odious of crimes — one that arouses the loathing of all decent people — the ravishment of a child under twelve years of age. Because of the gravity of the charge the evidence has been reviewed with scrupulous care. The testimony of the prosecutrix is amply corroborated by her younger sister and by the medical evidence. It is possible of course, but highly improbable, that these two children could have invented the story contained in this record. Under a prolonged cross-examination they maintained its truth in every essential detail. No motive

or reason is shown to suggest that defendant was falsely accused. Two grounds are urged upon us for a reversal of the judgment. Defendant contends that the trial court erred in receiving testimony of the child's mother as to the nature of the complaint made after the assault. The mother was asked: " Q. Now, tell this jury what she did tell you. A. The complaint that she made to me was that something had happened to her in a physical way, and that Charles Oathout was to blame for it." It will be noted that the mother's answer is merely to the effect that something happened to the child and that defendant was to blame for it. No details of the conversation between the mother and child are related. The testimony of the prosecutrix or other witnesses is admissible in corroboration of her testimony to show that shortly after the commission of the alleged offense she made a complaint, and when, where and to whom it was made. Such evidence is admitted for the purpose of confirming the testimony of the ravished woman, and not as proof that the crime was in fact committed, or as evidence of the truth of the facts complained of, but merely to rebut the inference of consent that might be drawn from her silence; in fact, it has been stated that such evidence is not received to corroborate the prosecutrix but rather to support her credibility by meeting any possible inference of self-contradiction in her conduct in the absence of a complaint. (52 C. J. 1063–1065.) It is also true that by the great weight of authority evidence of the female's complaint must be confined to the bare fact that the complaint was made, the details or particulars of the complaint not being admissible as substantive testimony. (52 C. J. 1066.) The mother's statement related only to defendant's identification. It is conceded here that both children knew defendant for four or five years and he admitted acquaintance with them for a like period. Prior to the mother's testimony defendant's counsel established again and again that his client was the one referred to in the complaint. Obviously then the defendant was not prejudiced by the mother's testimony. Defendant also complains that the trial court erroneously refused to permit him to show by the witness Shaver prosecutrix's " relations with other people immediately prior to the date of this alleged crime in order that the jury may have sufficient information to draw such proper conclusions from her conduct which will have a bearing on the guilt or innocence of this defendant." Defendant in his brief makes the belated claim that he could have established by Shaver that the prosecutrix " was apparently having intercourse with three or four boys in the shed located in the back yard of the witness Shaver." The trial judge was not apprised of defendant's purpose to make such proof. It is apparent that defendant was unable to produce such evidence and that his present contention is an afterthought born of the emergency of later needs. It should be borne in mind in this case that the child involved is less than twelve years of age and under such circumstances her want of chastity is immaterial. Not content with denying his guilt defendant seeks to blacken the character of his accuser. Not only does defendant deny the charge but his principal defense, supported by questionable witnesses, is that he was elsewhere when the crime was committed. An alibi is the last refuge of a rogue. In my opinion the judgment should be affirmed.