## Commonwealth v. Jenkins

678

*Raymond Speiser*, for Commonwealth.

*Thomas Cogan*, for defendant.

SLOANE, J., June 23, 1942.—Defendant was indicted, tried, and convicted of incestuous rape (and kindred charges) upon his 14-year-old daughter. At trial, it came out that the daughter was pregnant.

Defendant persists he is innocent and in his resoluteness did two things: he agreed to our suggestion of a blood-grouping test, and moved for a new trial.

Because of his assent (see Commonwealth v. English, 123 Pa. Superior Ct. 161 (1936)), we awaited birth of the child, hoping to solve our problem by getting to the fact of intercourse by the fact of paternity through the blood-grouping test, admittedly not infallible or conclusive.[1] But the infant was stillborn, and we were told that tests were not and could not be taken.

---

[1] See, generally, "The Chances of Establishing Non-Paternity by Blood-Grouping Tests", 20 Journal of the American Institute of Criminal Law and Criminology 360 (1929); "Scientific and Legal Application of Blood-Grouping Tests", 27 id. 578 (1936); "The Judicial Weight of Blood-Grouping Tests Results", 31 id. 523 (1941); "The Medico-Legal Application of Blood-Grouping Tests", 31 id. 643 (1941); "Paternity Blood-Grouping Tests: Recent Setbacks", 32 id. 458 (1942). See also chapter 221, Laws of New Jersey of 1939.

We must now dispose of the new trial motion. Dr. Killian, a Commonwealth witness, testified:

"What did the examination reveal?"

"At that time there was no tear of the hymen, which admitted two fingers with ease. Judging from the history and the physical examination, *the child was probably about three months pregnant when examined.*"

There was no overtone of emphasis by Dr. Killian; I underline the words to make visual the nub of the matter. Not that there was objection to this sentence of testimony. The objection was to the refusal to allow defendant to show the pregnancy not to be his misdoing. Defendant's counsel offered to show, both by cross-examination of the daughter and the testimony of her sister in whom she had confided, that the girl had had sexual intercourse with a boy acquaintance in August 1941, the approximate date of conception and the approximate date defendant was charged with forcing intercourse.

Defendant argued then, and now, as the only basis and reason for his motion for a new trial, that upon the introduction of evidence of pregnancy he was entitled to offset its prejudicial effect with evidence of his daughter's other intercourse; thus he would offer an explanation to the jury consistent with his innocence. He stressed that such counter-evidence was not offered for the purpose of showing bad repute of the daughter, concededly not so admissible: Commonwealth v. San Juan et al., 129 Pa. Superior Ct. 179, 185 (1937); Commonwealth v. Stewart, 110 Pa. Superior Ct. 279, 283 (1933). He wanted to equalize the avenues of proof available to each side.

That is his contention, and I thought it worth interviewing and setting down, particularly since no decisions demonstrate the proposition in our jurisdiction.

Thinking on it as a whole, the problem turns three ways: (1) Is evidence of intercourse with others gen-

erally admissible in prosecutions for statutory rape or incest? (2) is evidence of pregnancy of the young prosecutrix following the alleged intercourse by defendant admissible? and (3) the immediate question, does the admission of evidence of such pregnancy in such prosecutions make admissible counter-evidence of intercourse by the prosecutrix and another in the period of the charged intercourse and the conception?

An affirmative answer to the first query would dispose of the third affirmatively, and resolve the present case. It is not that easy; a majority of jurisdictions do not admit evidence of specific acts of intercourse by prosecutrix with others than defendant, in statutory rape, incest and other criminal intercourse cases where neither consent of the prosecutrix nor *paternity of a child* [2] *is an issue.* [3] The view of the majority is our

---

[2] Where paternity of a child born to prosecutrix as a result of the alleged carnal intercourse is an issue, as in filiation proceedings, testimony as to her relations with other men is material and admissible on the issue of paternity: Commonwealth v. Stewart, 110 Pa. Superior Ct. 279, 283 (1933).

[3] Bryan v. State, 18 Ala. App. 199, 89 So. 894 (1921); Sage v. State, 22 Ariz. 151, 195 Pac. 533 (1921); People v. Burrows, 27 Cal. App. 428, 150 Pac. 382 (1915); State v. Pucca, 4 Penn. (Del.) 71, 55 Atl. 831 (1902); Sacks v. United States, 41 D. C. App. Cas. 34 (1913); State v. Farmer, 34 Idaho 370, 201 Pac. 33 (1921); Heath v. State, 173 Ind. 296, 90 N. E. 310 (1910); State v. Mischiro, 165 La. 705, 115 So. 909 (1928); Rau v. State, 133 Md. 613, 105 Atl. 867 (1919); State v. Kraus, 175 Minn. 174, 220 N. W. 547 (1928); State v. Ansel, 256 S. W. 762 (Mo. 1923); State v. Richardson, 63 Mont. 322, 207 Pac. 124 (1922); State v. McKiel, 122 Ore. 504, 259 Pac. 917 (1927); State v. Murray, 49 S. D. 429, 207 N. W. 454 (1926); State v. Gay, 82 Wash. 423, 144 Pac. 711 (1914). See note, 24 Virginia Law Rev. 335, 336 (1938); 1 Wigmore on Evidence (3rd ed., 1940) 566. Contra: Lipsmeyer v. State, 166 Ark. 283, 266 S. W. 275 (1924); State v. Rivers, 82 Conn. 454, 74 Atl. 757 (1909); State v. Johnson, 129 Kan. 207, 282 Pac. 723 (1929); People v. Oathout, 240 App. Div. 739, 265 N. Y. Supp. 535 (1933).

view. We agree that the "et tu" defense should not obtain for the quite plain reason that the offense of statutory rape "may be committed with an unchaste female as well as with a chaste one" and evidence of intercourse by prosecutrix with others does not tend to reduce the proof against defendant or to show that another committed the crime charged against him. One has nothing to do with the other. Its exclusion is in keeping with our rule that independent evidence of misconduct by a witness not amounting to a conviction for criminal conduct involving the issue being tried is not admissible to attack the credibility of such witness. See Berliner v. Schoenberg et al., 117 Pa. Superior Ct. 254, 261 (1935), and Commonwealth v. Petrillo, 341 Pa. 209, 223-225 (1941). Exclusion is also consistent with the rule in our Commonwealth that specific acts of intercourse are not admissible to show bad reputation of the prosecutrix to reduce the crime from statutory rape to fornication (see Commonwealth v. San Juan et al., supra, and Commonwealth v. Stewart, supra). None of the cases excluding such evidence on the issue of bad repute has any expression of the value or admissibility of the evidence on the issue of credibility. The failure to make mention of any legal value of such testimony carries strong implication that no legal recognition is accorded it in this jurisdiction, though of course the indicium is negative and any such expression in the arisen cases would be dictum.

Courts also differ on the admissibility of the fact of pregnancy in a statutory rape proceeding. Some have excluded such evidence as not material to the issue involving the defendant,[4] but the great majority have

---

[4] Cf. Dalton v. Commonwealth, 226 Ky. 127, 10 S. W. (2d) 609, 611 (1928) (seduction) (pregnancy); State v. Witham, 72 Me. 531, 535 (1881) (adultery); Commonwealth v. O'Connor, 107 Mass. 219, 221 (1871) (adultery) (birth of child).

considered it proper evidence in establishing the corpus delicti and as corroborative of the testimony of the prosecutrix as to the act of intercourse. In the latter jurisdictions, evidence not only of pregnancy,[5] and birth of a child,[6] but rupture of the hymen,[7] venereal diseased condition after the alleged intercourse with defendant,[8] and other physical conditions medically known to follow intercourse,[9] are admitted for such purposes.

The admission of evidence of such physical conditions is based upon its natural value as corroborative and precise proof of an act of intercourse, an important element of the crime. It is of course important that the time interval between the intercourse and the resultant

---

[5] People v. Roberts, 367 Ill. 620, 623, 624, 12 N. E. (2d) 632 (1937); People v. Soto, 11 Cal. App. 431, 105 Pac. 420 (1909); Laycock v. People, 66 Colo. 441, 182 Pac. 880 (1919); State v. Baker, 60 Idaho 488, 92 P.(2d) 133 (1939); Havens v. State, 126 Neb. 125, 252 N. W. 800 (1934); State v. Quirk, 38 Wyo. 462, 268 Pac. 189 (1928) (rape); State v. Holter, 30 S. D. 353, 138 N. W. 953 (1912) (seduction); State v. Thompson, 31 Utah 228, 87 Pac. 709 (1906) (adultery). See 1 Wigmore on Evidence (3rd ed., 1940) 630.

[6] State v. Henderson, 19 Idaho 524, 114 Pac. 30 (1911); People v. Boston, 309 Ill. 77, 139 N. E. 880 (1923); Commonwealth v. Duff, 245 Mass. 81, 139 N. E. 351 (1923); State v. Palmberg, 199 Mo. 233, 97 S. W. 566 (1906); State v. Moore, 48 Nev. 405, 233 Pac. 523 (1925).

[7] State v. Paddock, 86 Mont. 569, 284 Pac. 549 (1930) (father-daughter); Self v. State, 70 P.(2d) 1083 (Okla. App., 1937); State v. Dalrymple, 270 S. W. 675, 678 (Mo., 1925).

[8] Fields v. State, 159 S. W. (2d) 745 (Ark., 1942); State v. Dalrymple, 270 S. W. 675 (Mo., 1925); Flannery v. State, 117 S. W. (2d) 1111 (Tex. Cr. App., 1938). See also People v. Fong Chung, 5 Cal. App. 587, 91 Pac. 105 (1907) (defendant permitted to show he had no venereal disease where the testimony had been that he had infected prosecutrix).

[9] State v. Smailes, 51 Idaho 321, 5 P.(2d) 540 (1931) (vaginal smear obtained following alleged intercourse showing spermatazoa) Cf. State v. Mitchell, 339 Mo. 228, 96 S. W. (2d) 341 (1936) (continuous menstrual flow after time of alleged intercourse admitted to show use of force).

condition link the events.[10]  The relationship between cause and effect is then clear, the evidence is reliable and warrants its submission to the jury on the question of whether an act of intercourse with prosecutrix actually took place.  Our Supreme Court has stressed the value of medical testimony in rape cases where elements of trustworthiness are present. (See Donaldson v. Commonwealth, 95 Pa. 21, 24-25 (1880)).  Even where the medical examination took place as long as a year after the alleged intercourse, the physician's testimony was held to have been properly submitted to the jury, though "to the extent of the delay, the force of the evidence was very much weakened": Commonwealth v. Allen, 135 Pa. 483, 493 (1890).

While the inference of intercourse from evidence of pregnancy or birth is inescapable, such evidence does not aid the issue of identity of the one committing the intercourse.  Therein lies the danger of the admissibility: the jury will tend without more to link the pregnancy or birth with defendant.  But difficulty is not to be overcome by exclusion, or we admit weakness.  We ought to face it and require independent evidence of identity and insist that the trial judge caution the jury on the limited purpose of such proof of intercourse.[11]

---

[10] Where a calculation of the time of conception places it either before or after the time of the alleged criminal intercourse, evidence of the pregnancy or birth of child resulting from such conception is of course not admissible on behalf of the prosecutrix. See People v. Boston, 309 Ill. 77, 139 N. E. 880 (1923), State v. Blackburn, 136 Iowa 743, 114 N. W. 531 (1908), People v. Kearney, 110 N. Y. 188 (1888), and People v. Palmer, 205 App. Div. 810 (N. Y., 1923). But it is admissible on behalf of defendant to show innocence: State v. Slane, 48 Wyo. 1, 41 P.(2d) 269 (1935).

[11] In the instant case such cautionary remarks were neither requested by counsel nor made by the trial judge. They should be made to the jury regardless of counsel's failure to request them. See People v. Boston, 309 Ill. 77, 139 N. E. 880 (1923).

But another and an important way to offset the difficulty is to allow defendant to show, if he can, that another could have caused conception. A good number of jurisdictions allow such showing. They adhere to the rule that illicit relations with other men is no defense to a defendant, so that evidence thereof is inadmissible either in justification or excuse. But where pregnancy or birth is the corroborating proof, defendant may show other unchaste acts.[12] and this is so both in the jurisdictions that require corroboration before there can be a conviction of statutory rape, and in those where, as in our Commonwealth,[13] corroboration

---

[12] Thomas v. State, 178 Ark. 381, 11 S. W. (2d) 771 (1929); People v. Currie, 14 Cal. App. 67, 111 Pac. 108 (1910); Moya v. People, 79 Colo. 104, 244 Pac. 69 (1926); Kidwell v. United States, 38 D. C. App. Cas. 566 (1912); Harper v. State, 185 Ind. 322, 114 N. E. 4 (1916); People v. Williams, 161 La. 851, 109 So. 515 (1926); State v. Perry, 151 Minn. 217, 186 N. W. 310 (1922); People v. Russell, 241 Mich. 125, 216 N. W. 441 (1927); Atkeison v. State, 100 Tex. Crim. Rep. 313, 273 S. W. 595 (1925); State v. Smith, 90 Utah 482, 62 P.(2d) 1110 (1936); State v. Mobley, 44 Wash. 549, 87 Pac. 815 (1906); State v. Quirk, 38 Wyo. 462, 268 Pac. 189 (1928) (pregnancy); Fuller v. State, 23 Ariz. 489, 496, 205 Pac. 324, 326 (1922); Climer v. State, 162 Ark. 355, 258 S. W. 323 (1924); State v. Gereke, 74 Kan. 196, 87 Pac. 759 (1906); State v. Witham, 72 Me. 531, 535, 536 (1881); State v. Ward, 101 N. J. L. 275, 128 Atl. 575 (1925); State v. Orton, 69 Utah 304, 254 Pac. 1003 (1926); State v. Martin, 102 W. Va. 107, 134 S. E. 599 (1926); State v. Slane, 48 Wyo. 1, 41 P.(2d) 269 (1935) (birth of child). Contra: State v. Whitesell, 142 Mo. 467, 44 S. W. 332 (1898); State v. Murray, 49 S. D. 429, 207 N. W. 454 (1926).

Rebuttal by evidence of intercourse between prosecutrix and others has been permitted where the evidence of the intercourse with defendant includes physical conditions other than conception resulting from intercourse; the rationale is the same: People v. Werner, 221 Mich. 123, 190 N. W. 652 (1922); State v. Paddock, 86 Mont. 569, 284 Pac. 549 (1930); Self v. State, 70 P.(2d) 1083 (Okla. Cr. App., 1937) (rupture of hymen); Angeloff v. State, 91 Ohio 361, 110 N. E. 936 (1914); People v. Fong Chung, 5 Cal. App. 587, 91 Pac. 105 (1907) (venereal disease). Cf. State v. Apley, 25 N. D. 298, 141 N. W. 740 (1913).

[13] Commonwealth v. Oyler, 130 Pa. Superior Ct. 405, 407 (1938).

is not necessary unless the testimony is "so indefinite, contradictory or unreliable that it would be unsafe to rest a conviction thereon": Commonwealth v. Cyaus, 88 Pa. Superior Ct. 227, 230 (1926).

The basis for such admissibility has been varied. Some of the decisions are plain fiat,[14] those expressing reasons state different grounds.[15] But whatever the reason or the basis, it is the part of fairness to allow it. That may seem to be an elementary way of putting it, but if it is elementary it is likewise elemental, for after all fairness in the courtroom is the principle of full opportunity to balance the scales. The stripped physicality of pregnancy is a fact of "poised immediacy" that may stick a pin in the jury's mind and become an obstacle in the way of reasoning from cause to effect. I do not see if I do not agree that jurors are human and react in the human way when they are beset with the fact of pregnancy resulting from a wrong sex act

---

[14] See Kayes v. Commonwealth, 221 Ky. 474, 298 S. W. 1096 (1927) ("it necessarily follows"); State v. Smailes, 51 Idaho 321, 5 P.(2d) 540 (1931) ("Where, in corroboration of the testimony of prosecutrix, the state introduces medical testimony tending to show that an act of sexual intercourse has been committed with her, the defendant may introduce evidence of specific acts of sexual intercourse with others to negative the medical expert testimony as pointing to the accused.") (p. 544). See also 52 C. J. 1082.

[15] Compare, for example, State v. McPadden, 150 Minn. 62, 184 N. W. 568 (1921) ("refutation of the corroborating effect of the [medical] evidence so tendered"); Commonwealth v. Duff, 245 Mass. 81, 139 N. E. 351 (1923) ("to meet [evidence of pregnancy] by being permitted to show that another than [defendant] was responsible for her condition"); People v. Flaherty, 79 Hun 48, 29 N. Y. Supp. 641 (1894), affd., 145 N. Y. 597, 40 N. E. 164 (for the purpose of refuting the corroborative evidence); Thomas v. State, 178 Ark. 381, 11 S. W.(2d) 771 (1928) (rebut corroboration); Atkeison v. State, 100 Tex. Crim. Rep. 313, 273 S. W. 595 (1925) (to explain, consistent with defendant's innocence, the condition of prosecutrix); State v. Bebb, 125 Iowa 494, 101 N. W. 189 (1904) ("for the purpose of counteracting any sympathy with the prosecutrix which might have been aroused by reason of her [pregnant] condition.").

(especially incest). The sheer fact of pregnancy might play a determining part in the conclusion of guilt, though the jurors know paternity itself is not involved in the crime of rape, and that it is simply corroborating evidence of that wrong sex act. I hesitate to call it prejudice because prejudice, like most routine emotions or passions, is a stubborn imponderable and eludes definition or classification. But it is an emphasis and can do undue harm unless defendant be able to overcome it by showing that pregnancy came elsewhere. The tendency of the evidence of conception, so reliable and probative on one issue, to be of improper weight on the issue of the identity of the perpetrator of the crime, without the admission of the offsetting testimony, itself justifies such admission. Such testimony becomes material, not to impeach the prosecutrix' credibility, but to rebut and neutralize the possible undue significance of the otherwise necessary evidence of intercourse supplied by the proof of conception or other physical condition attendant upon intercourse. It is a question of "coequal right" of presentation to the jury to the end of intelligent and impartial conclusion.

And so, our judgment is that upon the introduction of the medical testimony of his daughter's pregnancy defendant was entitled to establish by cross-examination or by proper evidence that another had intercourse with her at the time of his alleged misconduct. Defendant may well be guilty but "a criminal, however shocking his crime, is not to answer for it with forfeiture of Life or Liberty till tried and convicted in conformity with Law". (Cardozo, C. J., in People v. Moran, 246 N. Y. 100, 106 (1927)).

Defendant's motion for a new trial is granted.