RAT MARTIN V. THE STATE.

*No. 395. Decided May 5.*

1. **Perjury—Indictment—False Statement—Materiality—Pleading.**—In an indictment for perjury the materiality of the alleged false statement must plainly appear, either by direct averment or by allegation of such facts as will show it. If the false statement is alleged to be material, or so appears from the facts stated, it will be deemed material if it could have influenced the tribunal in which it was made.

2. **Same—Motion to Quash.**—See opinion for an alleged false statement in an indictment for perjury, the materiality of which does not plainly appear, wherefore the motion to quash should have been sustained.

3. **Same—Evidence—Declarations of Third Parties in Absence of Defendant.**—Where appellant was charged with perjury before the grand jury concerning the theft of property by two other parties, *Held*, that the declarations of these other parties confessing the theft, and stating what they had done with the satchel from which they had taken the property, though made in the absence of defendant, was legitimate evidence to prove the materiality and falsity of his statements.

APPEAL from the District Court of Jones. Tried below before Hon. C. P. WOODRUFF.

Appellant was indicted for perjury as a witness before the grand jury. The charging portion of the indictment is set out in full in the opinion below. Defendant made a motion to quash the indictment, because "it does not appear, from the face of the same, that an offense against the law was committed by the defendant, there being no allegation showing the materiality of such statement before the grand jury." This motion was overruled. The trial resulted in defendant's conviction, with punishment assessed at a term of five years' imprisonment in the penitentiary.

In view of the disposition made of the case on this appeal, a general statement of the case is unnecessary.

No briefs have come to the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of perjury before the grand jury of Jones County, and his punishment fixed at five years in the penitentiary.

We copy so much of the indictment as is material: "Whereupon it then and there became and was a material inquiry before said grand jury, and necessary, etc., whether one John Browning and one Charley Brown, in the county and State aforesaid, on the 23rd day of November, 1893, did fraudulently take one satchel and eighty dollars, of the value of eighty dollars, the personal property of one Sam Smith, from the possession of said Sam Smith, etc. And the said Rat Martin, on the day first named, in said State and county, before and to the said grand jury, under the sanction of said oath administered to him as aforesaid, willfully and deliberately did state and testify, that the said Sam Smith and J. B. Phitzgerald, in the county and State aforesaid, on the 28th of November, 1893, did place a satchel in a straw stack between Mc-Foy's and Cockrell's places, and cover said satchel with straw, etc., whereas in truth and fact the said Sam Smith and J. B. Phitzgerald did not then and there place a satchel in a straw stack between Mc-Foy's and Cockrell's places and cover said satchel with straw, which said statement so made by said Rat Martin, before and to said grand jury as aforesaid, was willfully and deliberately false, and the said Rat Martin knew the same to be false when he made it; against," etc.

Appellant moved to quash the indictment, upon the ground that there were no allegations showing that the alleged false statement was material to the matter investigated by the grand jury. There is no question that the materiality of the alleged false statement should plainly appear either by direct averment or by the allegation of such facts as will show it. In the case at bar the indictment alleges, that the inquiry whether Brown and Browning stole the satchel and money

of Sam Smith from the possession of said Smith, on the 23rd of November, 1893, was the material inquiry before the grand jury; but it is nowhere alleged that the *false statement* was in any way material to the said inquiry.  Does it appear to be material from the facts alleged? The statement is, that appellant saw Sam Smith and J. B. Phitzgerald hiding *a* satchel in a straw stack on the 28th of November, five days *after* the time of the alleged theft.  If we assume that Sam Smith had but one satchel, and it was the one stolen, still we should be at a loss to understand why his hiding it five days *after* the theft, in the presence of a witness, in this particular hay stack, could be material to the inquiry before the grand jury.  We are discussing the question of allegation in the indictment, and not the proof thereunder.  If the false statement is alleged to be material, or so appears from facts stated, the statement will be deemed material if the proof shows it could have properly influenced the tribunal investigating the cause.  Williams' case, 28 Texas Crim. App., 302.  We do not think the materiality of the false statement plainly appears, and the motion to quash should have been sustained.

Appellant insists that the court erred in permitting the witness Sam Smith to testify to a conversation between said witness and John Browning and Charley Brown, because appellant was not present at said conversation, and the same was hearsay.

The court permitted the witness Sam Smith to state the circumstances of the loss of the satchel, his search for it, and how he traced it to Browning and Brown and recovered most of the money from them, but was unable to find the satchel in which the money was carried, and which had been dropped by him out of his wagon.  Browning and Brown stated to him they left the satchel in the road after taking out the money.  It is to this statement that appellant objects as being made in his absence.

The rule invoked has no application here.  Appellant is not charged with theft of property, but with perjury concerning it.  To prove the materiality and falsity of his statement, all testimony tending to prove the theft is admissible, and certainly there could be no reason for excluding the confessions of the parties charged with the theft.  Bish. Crim. Proc., 935; Lawrence's case, 2 Texas Crim. App., 479; Anderson's case, 24 Texas Crim. App., 721; Whart. Crim. Ev., sec. 53.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.