## Jim Henry v. The State.

### No. 2181.   Decided June 6, 1901.

**1.—Perjury—Indictment—Allegation of Materiality.**

In an indictment for perjury, the matter on which the perjury is predicated can simply be alleged as material without stating the environments showing on the face of the indictment how the same came to be material; or it may state the false testimony, and, alleging its materiality, traverse the truth of the same.

**2.—Same—Principals in Assault to Murder.**

An indictment for perjury predicated upon the fact that defendant, as a witness in his own behalf, in a case of assault with intent to murder, had sworn falsely that he did not give a stick to the principal making the assault, does allege a material matter; since, if he was present, aiding and abetting such principal in the assault, he became himself a principal in the assault, and the indictment properly charged him in the assault to murder case with having done the act himself, and the court under the indictment in the perjury case was authorized to admit proof of the environments in the case of assault to murder in determining the materiality of the alleged false testimony, and instruct the jury accordingly as to its materiality.

Appeal from the District Court of Falls.   Tried below before Hon. Sam R. Scott.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion sets out the indictment substantially.   No statement required.

*J. W. Spivy* and *Rice & Bartlett,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The indictment is in the ordinary form, charging the perjury as being committed by appellant on a trial of himself in the District Court of Falls County on a charge of assault with intent to murder one T. J. Kemper.   Appellant insists that the indictment is defective, because it fails to show how the alleged predicate for perjury was or became material.   The indictment, after setting out the court, etc., in which the perjury is alleged to have been committed, alleges that Jim Henry, defendant, was then and there, etc., duly charged by indictment with having in the county of Falls and the State of Texas, on the 20th day of February, 1898, with malice aforethought, made an assault in and upon T. J. Kemper, with the intent then and there to murder the said T. J. Kemper; and then charges that in the trial of said case it then and there became and was a material inquiry by said judge and jury whether the said Jim Henry, had, in the county of Falls and State of Texas, on the 20th day of February, 1898, given Felix Chapman a stick with which he, the said Chapman, struck and hit one T. J. Kemper; and then charges that defendant falsely testified that he (Jim Henry) did not, in the

county of Falls and State of Texas, on the 20th of February, 1898, give the said Felix Chapman a stick with which he hit and struck the said T. J. Kemper; and then alleges that said statement was then and there material to the issues in said case, and then traverses the truth of the same. It will be observed that this indictment alleges both the materiality of the matter as an issue in the trial of said case, and then charges that the testimony given upon said issue was material. Of course, it will not be gainsaid at this day that the matter on which the perjury is predicated can simply be alleged as material without stating the environments showing on the face of the indictment how the same came to be material. Either form of pleading will do. In this case the pleader alleged the materiality of the false testimony. Massie v. State, 5 Texas Crim. App., 81; Mattingly v. State, 8 Texas Crim. App., 345; Washington v. State, 22 Texas Crim. App., 26; Rahm v. State, 30 Texas Crim. App., 310; Martin v. State, 33 Texas Crim. Rep., 317; Buller v. State, 33 Texas Crim. Rep., 551. Appellant refers us to Meeks v. State, 32 Texas Criminal Reports, 421. This authority merely holds that, where perjury is predicated on a matter transpiring before the grand jury, enough of the proceedings must be set out concerning the subject matter of investigation before the grand jury to show that a violation of the law was being there investigated, otherwise it could not be known that the alleged false testimony was material; that is, it must be shown that the court or tribunal before which the perjury was committed had jurisdiction of the criminal matter under investigation before an allegation of perjury could be predicated on such a proceeding. In this case there can be no question that the indictment shows the District Court of Falls County had jurisdiction of the matter under investigation. Enough of the indictment pending against Jim Henry is set out to show that the court was investigating—that is, trying—an assault with intent to murder, alleged to have been committed by him on one T. J. Kemper. But it is insisted that it does not appear how, in such a trial, it would become a material subject of inquiry that Jim Henry should have given a stick to Felix Chapman with which to strike Kemper, the indictment merely charging him (appellant) with an assault with intent to murder. It is a sufficient reply to this proposition to state that under such a charge all persons who are present aiding and abetting Felix Chapman, the one who struck the blow, are principals; and an indictment charging a principal in the second degree with having done the act himself is sufficient under our system of procedure. Davis v. State, 3 Texas Crim. App., 91; Mills v. State, 13 Texas Crim. App., 487. In other words, we hold, in accordance with the authorities, that the indictment against appellant for assault with intent to murder correctly charged him as a principal, and that it was competent under the same to show that he aided and abetted Felix Chapman in the assault by giving him a stick during the progress of the same. And the allegation that said testimony was material authorized the court to admit

proof of all the environments, so that the court should become informed as to whether or not said allegation on which the perjury was predicated was a material issue in the case, and could then so instruct the jury. We notice appellant has made an argument and cited a number of definitions on the meaning of the word "give," contending that for appellant to give Felix Chapman a stick in the assault with intent to murder case might refer to something else than to aiding and abetting him in the assault at the time; that is, it might be a gift beforehand, or he might give him a stick without any unlawful intent, as for his defense. Suffice it to say, in reply to this, that this was what the witness testified to at the time; that is, that he did not give a stick to Felix Chapman. The indictment traverses this, and alleges its falsity. The indictment, as we have seen, authorizes proof of the environments or conditions under which the testimony was adduced, and its materiality was made to appear. It occurs to us that the discussion of this matter by appellant is hypercritical. There is nothing in appellant's contention with reference to the admonition of the court, given in the charge to the jury, not to discuss or comment on the failure of the appellant to testify. No error appearing in the record, the judgment is affirmed.

*Affirmed.*