No. 11,418.

SCHULZ v. THE PEOPLE.

Decided December 28, 1925.

Plaintiff in error was convicted of having in his possession a still for the manufacture of intoxicating liquor.

*Reversed.*

*On Application for Supersedeas.·*

1. CRIMINAL LAW—*Appeal and Error—Sufficiency of Evidence.* In a criminal prosecution for having possession of a still contrary to the provisions of section 1, c. 80, S. L. '25, evidence reviewed and found insufficient to sustain a conviction.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Mr. LOUIS VOGT, Messrs. ALLEN,· WEBSTER & DRATH, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. L. W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of possessing a still, contrary to section 1, c. 80, p. 220, L. 1925 (effective May 11th, 1925), and sentenced to the penitentiary for two and one-half to five years. To review that judgment he brings error and asks that the writ be made a supersedeas.

Defendant's only contention here is that the judgment is unsupported by the evidence, and in this we think he is right. The information charged that on July 31, 1925, he did "unlawfully, knowingly and feloniously have in his possession a still, used, designed and intended for the manufacture of intoxicating liquor." Such a still was found in a hole in the ground on land he was farming, but more than a quarter of a mile from his residence and farm buildings. It was covered with Russian thistles of the preceding year's growth, which seemed to have blown over it, and it had apparently been there, unused and abandoned for a considerable time. No path or tracks leading to it were found. Defendant had moved to this farm March 5, 1925. No other fact was developed which even remotely connected defendant with this still. It was not visible from any place on the premises where defendant was shown to have been, and open prairie adjoined its location. He testified that he knew nothing of its presence, use or ownership, and had never seen it until he saw it in the possession of the sheriff. Some trivial circumstances were disclosed which, standing alone, might have raised suspicion against him. These he explained in a simple and reasonable way. None of his statements were contradicted, even by inference, and there was no conflict in the evidence.

There is no evidence that defendant had anything to do

with this still or even knew that it was on his premises. There was no motion for a directed verdict and no requested instruction to acquit.

The judgment is reversed.

MR. JUSTICE WHITFORD not participating.