No. 11,280.

Moya *v*. The People.

Decided March 1, 1926.

Plaintiff in error was convicted of statutory rape.

*Affirmed.*

1. Appeal and Error—*Sufficiency of Evidence—Criminal Law.* In a criminal case, if the evidence is manifestly lacking in the probative effect given it by the jury, or otherwise so weak as to show bias or prejudice on the part of the jury, or if the jury palpably misconceived its value as proof, the Supreme Court may set aside a sentence pronounced upon it. But where there is enough legal competent evidence to sustain a verdict, it will not be disturbed on review.

2. Criminal Law—*Rape—Evidence.* In a prosecution for rape, proper evidence that another than the accused was responsible for the pregnancy of the prosecutrix, is relevant and material.

3. Evidence—*Hearsay.* The general rule is that hearsay evidence, oral or written, is inadmissible.

4. Criminal Law—*Evidence—Declarations of Third Parties.* In criminal cases, evidence of declarations of third parties showing criminal liability for the charge under consideration, is inadmissible, as hearsay.

5. Evidence—*Criminal Law—Confession of Third Party.* In criminal cases, evidence of confessions of third parties made out of court, and tending to exonerate the accused, is inadmissible.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Mr. A. B. Crosswhite, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. Jean S. Breitenstein, Assistant, for the people.

*En banc.*

Mr Justice Campbell delivered the opinion of the court.

Defendant Moya was convicted of statutory rape of a girl fifteen years of age and sentenced to a term in the penitentiary. He brings error. Three grounds are relied on in his brief: (1) Insufficiency of evidence; (2) error in the trial court's ruling sustaining the district attorney's objection to the defendant's offer of oral testimony which, as it is claimed, tended to show that pregnancy of the prosecuting witness was caused by another man; (3) the trial court's refusal to admit in evidence a letter supposed to have the same tendency.

1. If the evidence were manifestly lacking in the probative effect given to it by the jury, or were otherwise so weak as to show bias or prejudice, or if the jury palpably misconceived its value as proof, we might set aside the sentence pronounced upon it. But there is enough legal and competent evidence to sustain the verdict. It is not tainted with any of the defects or vices for which reviewing courts may afford relief.

2. The second and third grounds may be considered together, for the conclusion which we have reached disposes of both adversely to the defendant. In cross-examining witnesses for the prosecution defendant's counsel sought thereby to show the relation between the complaining witness and one John Galvaldon—at the time of the trial in the State of Utah and beyond the court's jurisdiction—the avowed object being to show that he, Galvaldon, in their presence and hearing, admitted that he caused the pregnancy. Proper evidence of such relations is relevant and such testimony at the trial by Galvaldon would be relevant and material. But

the real question sought to be raised, though it may be that it is not included in any of defendant's assignments of error, is whether the testimony of the witnesses as to the alleged oral declarations of Galvaldon would be competent and admissible. Though the district courts in this state have uniformly rejected such evidence, the question, it is said, seems to be one of first impression in this court. The general rule is that hearsay evidence, oral or written, is inadmissible. 22 C. J. § 167, p. 199, where many authorities are assembled. There is an exception to this general rule which some courts recognize. It is that declarations of third parties made contrary to their own interests of a pecuniary or proprietary character are admissible. 22 C. J. §§ 211, 212, p. 233, § 215, p. 235. In the footnotes to these sections are collected many cases in the English courts and from practically all the states of the Union. We find only two cases, one in South Carolina, *Coleman, et al. v. Frazier*, 4 Rich. Law, (S. C.) 146, 53 Am. Dec. 727, which is impliedly restricted in *Fonville v. Railway Co.*, 93 S. C. 287, 75 S. E. 172, and *Martin v. State*, 33 Tex. Crim. 317, 26 S. W. 400, where the exception to the general rule has been extended to apply to declarations in criminal cases. It may be, as said by Dean Wigmore in his valuable textbook on Evidence, 3 Wigmore (2d. Ed.), §§ 1476, 1477, that logically there is no distinction between declarations of third parties of a pecuniary or proprietary character and declarations of a criminal liability. The general rule, however, is against all hearsay declarations and it is only under an exception thereto that some courts allow declarations of the former kind. The majority of this court are not inclined toward, but on the contrary are disposed to restrict, further extension of exceptions to the general rule. No state court has more consistently observed the rule of comity that generally prevails between the federal and state courts than has this court by following as we do decisions of the Supreme Court of the United States in

matters of general law. This course has been pursued, not as subserviency to the views of another court, but because, among other reasons, the interests of the people who constitute the citizens of two different jurisdictions, are best promoted by uniformity in their decisions, and as to many important questions state courts are bound by decisions of the highest federal tribunal. The Supreme Court of the United States in *Donnelly v. United States,* 228 U. S. 243 (33 Sup. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710), beginning at page 273, in an opinion by Mr. Justice Pitney, concurred in by five of his associates, with three•justices dissenting, summed up the true doctrine by a statement which is thus condensed in the last sentence of the syllabus: "In this country there is a great and practically unanimous weight of authority in the state courts against admitting evidence of confessions of third parties made out of court and tending to exonerate the accused." The majority opinion in that case cites and follows its previous decisions, quoting with approval at length from the opinion of Chief Justice Marshall in *Mima Queen and Child v. Hepburn,* 7 Cranch (U. S.), 290, 3 L. Ed. 348. The reasons for the adoption of what is recognized as the majority and practically the unanimous rule in this country are so well stated in the Donnelly and Hepburn cases that we forebear discussion. The dissenting opinion in the Donnelly case by Mr. Justice Holmes adopts as the views of the minority the statements of Dean Wigmore to which we have referred. With due respect to the dissenting minority in that case and to the views of the learned author, the majority of this court prefer to follow the majority, not the minority, opinion of the Supreme Court of the United States and the practically unanimous weight of authority in England and in this country on the question before us.

The judgment of the district court being in accordance with our views is therefore affirmed.

MR. JUSTICE DENISON and MR. JUSTICE ADAMS dissenting.

MR. JUSTICE DENISON dissenting.

I think Galvaldon's declaration and the letter should have been admitted. I concede that the great weight of authority is with the majority opinion, but I think the rule excepting from the hearsay rule declarations against pecuniary and proprietary interest a salutary one, and the reasons for likewise excepting declarations against what we may call a criminal interest are stronger. I agree with the dissenting opinion in *Donnelly v. United States*, 228 U. S. 243, and with 3 Wigmore on Evidence, §§ 1476, 1477; and since the question is a new one in Colorado, I think we ought to follow reason rather than authority. See *Hines v. Commonwealth*, 136 Va. 728, 117 S. E. 843.

MR. JUSTICE ADAMS concurs in this dissent.