No. 12,148

OSGOOD *v.* THE PEOPLE.

Decided May 27, 1929.

Messrs. YEAMAN, GOVE & HUFFMAN, Mr. W. F. NOONAN, Mr. KENNETH W. ROBINSON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, Mr. ROBERT E. WINBOURN, Attorney General, Mr. SIDNEY P. GODSMAN, Assistant, for the people.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE plaintiff in error, Lucille R. Osgood, hereinafter referred to as the defendant, prosecutes this writ to review a judgment of the county court of Garfield county, adjudging her guilty of assault and battery, and assessing a fine of $25.

The information contains two counts, the first of which charges the defendant and one Phillips with an assault with a deadly weapon with intent to do great bodily injury, and the second charges the defendant and Phillips with assault and battery. Both charges grew out of the same transaction, and both allege the victim to be one Demaestri.

The parties, by written stipulation, waived their right to a jury trial. The county judge found the defendant not guilty of an assault with a deadly weapon, but guilty of assault and battery. The defendant Phillips was found guilty on both charges; fined, and the fines paid.

The defendant has assigned 24 errors upon which she seeks a reversal. We need consider but one of them; namely, the insufficiency of the evidence.

The evidence in this case discloses that the defendant is a widow, the owner of an extensive estate near Glenwood Springs; that she is a woman of education and refinement; that her reputation in the community in which she lives is excellent; that some years prior to the unfortunate circumstances of this case, her husband employed Phillips for general work about his estate; that after the death of her husband, the employment of Phillips was continued by this defendant; that Phillips sometimes acted as chauffeur, and was obliged, in the interest of his employer, to be in Glenwood Springs frequently with the defendant's automobiles; that he had been in several street brawls with young men about that city, some of them resulting in injuries to Phillips, and one resulting in damage to the defendant's automobile.

Phillips' physical condition, after one of the first of these brawls, was such as to cause the defendant to inquire what had happened. Phillips contended that all of his trouble, with reference to street brawls, was due to Demaestri and his friends attempting to "gang" him. He was warned that the defendant would discharge him if the brawls were not discontinued. The defendant also learned of the difficulties which Phillips had with De-

maestri and his "gang" through her employees other than Phillips.

Demaestri, the complaining witness, seems always to have been one of the principals in these street brawls, and he, with his friends, apparently had a grievance against Phillips, and Phillips bore some animosity towards Demaestri and his friends.

The difficulty out of which this case grew occurred in the morning. The defendant was in Glenwood Springs and, prior to leaving for her home, was in a drug store in company with Phillips. While there Demaestri entered with a traveling salesman by the name of Lannon. The defendant's attention was called to the fact that these two men were evidently making her or Phillips the topic of their conversation. Shortly afterwards the defendant, with Phillips driving the automobile, left Glenwood Springs, and, after leaving the city limits, passed a car in which Demaestri and his companion Lannon, were riding. The defendant's car kept in the lead, with Demaestri and his companion following closely.

At a distance of five or six miles from the city, Phillips, noticing the proximity of the other car, called this fact to the defendant's attention, and asked her if she knew who its passengers were. The defendant replied that she did not. Phillips then stated that it was Demaestri and his "gang," and that he believed they were following for the purpose of getting him in some obscure place where Demaestri might carry out a previous threat of beating him. Phillips then stated that, if trouble must come, he would stop the car there, on a more frequented highway, so as to avoid the likelihood of harm coming to the defendant. He accordingly stopped the car, and the car in which Demaestri and Lannon were riding stopped immediately behind the car in which defendant was riding.

Phillips got out of the defendant's car, went to the Demaestri car, and began pommeling Demaestri. The defendant left her car, and, as she did so, picked up a

revolver which Phillips had left lying on the driver's seat, and when Lannon, who was driving the car immediately behind the defendant's car, got out, the defendant levelled the revolver at him, or in the general direction of his car, and commanded him to stay where he was. In the meantime, both the defendant and Mr. Lannon called upon Phillips to cease fighting with Demaestri.

Mr. Lannon was evidently much surprised at the entire incident, and, in a very gentlemanly manner, convinced the defendant, almost instantly, that he was the innocent victim of circumstances. The defendant accepted Lannon's explanation, immediately apologized for her attitude, and then followed this with a detailed statement as to the reasons which caused her alarm and conduct. She expressed regret that she had assumed that Mr. Lannon was one of the Demaestri "gang," and bent upon trouble.

Meanwhile Phillips had used a "tire iron," found in Lannon's car, upon Demaestri's shins, and had inflicted injuries which were temporarily discomforting, although not of particular seriousness. The witnesses agree that the fight between Phillips and Demaestri took but a few minutes; that the defendant and her chauffeur then continued their way to defendant's home; and that Mr. Lannon and Demaestri went upon their journey. The defendant was nervous; had never before witnessed a fight, and, after it was all over, according to her uncontradicted testimony, she was so distressed and excited that she wept.

We have carefully examined the record to determine whether or not there is any competent evidence upon which this conviction can be sustained. It is undisputed that Mr. Lannon had no part whatever in the brawl, and was wholly innocent of intent to harm anyone, much less the defendant in this case.

The defendant, however, is not charged with, nor was she convicted of an assault upon Lannon, but she was

found guilty of an assault and battery upon Demaestri. The theory of the prosecution being that the defendant was an accessory during the fact.

■ There is not one scintilla of competent evidence justifying such a conviction. The defendant did exactly what any prudent and reasonable person would have done under all the circumstances of the case, and, when she discovered her mistake, explained her actions, and properly apologized.

We have said, under similar circumstances:

"This court, in common with other courts of last resort, hesitates to assume the responsibility of nullifying the verdicts of juries on account of insufficient evidence to authorize the same. Such verdicts, as a rule, will not be molested unless there is reason to believe * * * that the jury * * * misconceived the scope and effect of the evidence. But, under all the circumstances disclosed in the case at bar, we feel constrained to say that our duty commands us to interfere. * * * But we cannot reasonably find, from the proofs in this record, sufficient warrant for the penalty * * *; the jury must have misunderstood the evidence or misconceived its scope and effect." *Petite v. People,* 8 Colo. 518, 524, 9 Pac. 622.

"Defendant's only contention here is that the judgment is unsupported by the evidence, and in this we think he is right." *Schulz v. People,* 78 Colo. 480, 481, 242 Pac. 632.

"But we reverse the judgment in this case willingly for another reason. Surprising as the fact may be, it is nevertheless true, that the verdict was not warranted by the evidence." *Hackett v. People,* 8 Colo. 390, 391, 8 Pac. 574.

"We have not overlooked the argument that the evidence is not sufficient to sustain the verdict. Not possessing the advantages of a trial court in determining the credibility of witnesses who testify in open court, we would be inclined to refrain from comment on its sufficiency were there any serious conflict in the testi-

mony. But there is not, and we are impressed with the inadequacy of the evidence * * *.'' *Nilan v. People,* 27 Colo. 206, 213, 60 Pac. 485.

To the same effect are *Piel v. People,* 52 Colo. 1, 10, 119 Pac. 687; *Jones v. People,* 61 Colo. 39, 42, 155 Pac. 966.

The trial judge wholly misapprehended his duty in the case, misconceived the force and effect of the evidence, and was led to reach a wholly unwarranted conclusion. The defendant should have been promptly acquitted of both charges and discharged.

Judgment reversed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.