## No. 25276

**The People of the State of Colorado v. Janice Gaines**
(508 P.2d 392)

Decided March 26, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jerry W. Raisch, Assistant, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant, Janice Gaines, appeals from a conviction of the crime of aggravated robbery in El Paso County district court.

The complaining witness — victim of the alleged robbery — testified he was waiting at a bus stop in Colorado Springs for transportation to Fort Carson, where he is stationed. Two females drove up in a car and engaged him in conversation concerning an act of prostitution. The soldier, Panelli, testified that he declined the offer, stating that he was without funds. Thereupon he was offered a ride to the post for the cost of bus fare. Panelli entered the car and had proceeded but a short distance when defendant stopped the car, put a knife to the victim's throat, and demanded money. After the money was taken by the defendant's companion, the soldier was let out. He jotted down the auto's license number and notified authorities.

Defendant's testimony differs substantially from the complaining witness. Defendant Gaines testified that she was out on the street for purposes of prostitution and made an offer to the complaining witness. After negotiations were concluded, the two proceeded to a "date house" where the contract was to be performed. The soldier was, however, unable to complete the act, whereupon the defendant demanded additional consideration. Defendant testified that while they were returning to town the soldier pulled a knife and demanded a refund. His efforts were thwarted when defendant pulled her own knife and ordered him from the car. Defendant denies taking any money from him other than the fee for her services.

Defendant argues that the evidence is manifestly lacking in probative effect and is so weak as to show bias and prejudice; therefore, this court should set aside the conviction. *Moya v. People,* 79 Colo. 104, 244 P. 69. *See also Osgood v. People,* 86 Colo. 110, 278 P. 604; *Schulz v. People,* 78 Colo. 480, 242 P. 632; *Hackett v. People,* 8 Colo. 390, 8 P. 574. In the same vein is an argument that the verdict is contrary to the weight of the evidence.

■ We consider the issues presented by defendant as

without merit. The record presents a conflict in the evidence — Panelli's version and the defendant's. Determination of the credibility of witnesses is the jury's prerogative and does not warrant a reversal by an appellate court. Cases so holding are so numerous and the law so elementary that citation of authorities would be superfluous.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.